DREW, Justice.
The sole question raised in this appeal by the wife, who was successful in the lower court in her suit against the husband for a divorce, is whether the chancellor below erred when he refused to grant the wife any award for permanent alimony.
These parties were married in 1941. They lived together as husband and wife until 1956. At the time of the separation (brought about, according to the overwhelming weight of the evidence, by the cruelty of the husband) the wife was 48 years of age. From time to time she worked as a garment maker at an hourly wage ■of $1 but her health was such that she ■could not hold a steady job. The husband was retired from the Pennsylvania Railroad because of disability and was receiving $132 a month as a pension. The extent of his disability in recent years is not entirely clear but it does appear from the record that he is a boat racing enthusiast and seems to be able to perform labor for almost everybody except his wife and around ¡his own home. He has several thousand dollars in government bonds and the people with whom he lives owe him some $4,000 on a loan. Whether the loan is secured by a mortgage or otherwise does not appear. In any event, the record establishes conclusively that the husband is able to contribute to the support of his wife, and that there is a need on her part for support.
There is little doubt as to the cause of the separation. There is a French phrase that expresses it well — cherchez la femme. Not only is it undisputed from the record that the husband has been guilty of extreme cruelty to the wife at a period in her life when she was undergoing great emotional disturbance due to the menopause but it is also clear that he strayed into greener pastures in the vicinity of Eustis with what the witnesses described as “a very attractive blonde.”
Instead of exhibiting that degree of patience and understanding which he owed his wife of nearly fifteen years, he proceeded not only to physically abuse her but by a course of conduct with the “very attractive blonde” that was obviously much more than platonic, caused her far greater pain and humiliation than the physical punishment.
The case of Kahn v. Kahn, Fla.1955, 78 So.2d 367, is not authority for the decree appealed from. In that case the wife was 25 years of age and the marriage, according to the opinion, had existed for “several years.” No children were born of that marriage (as is the case here) and it appeared that the wife was in excellent health (such is not the case here) and earning some $30 a week. Moreover, in that case there was only a narrative statement in the record of the testimony in the lower court, the contention of the wife “being that a wife who successfully sues her husband for divorce is automatically entitled to alimony under the rule stated in Montgomery v. Montgomery, Fla.1951, 52 So.2d 276, 277, that ' * * * where the husband has caused the separation he should remain liable for support.’ ” On that narrow issue the case was decided.
On the record before us we are impelled to the conclusion that the lower court erred when he failed to award the appellant wife *843 permanent alimony. So much of the decree appealed from, therefore, as denies the wife permanent alimony is hereby reversed with directions to enter an appropriate decree in accordance with the views herein expressed.
Reversed with directions above.
TERRELL, C. J., and HOBSON and O’CONNELL, JJ., concur.