CARROLL, Judge.
This is an appeal by a wife from a final decree of divorce granted in favor of a husband. Error was assigned to certain provisions of the decree. We affirm the decree as to the granting of the divorce but reverse the provision which relieved the husband of liability for $3,200 arrears of support money owed by him at the time of the decree under a separation agreement and the provision which fixed alimony at less than the amount the parties had agreed upon for the wife’s support.
The parties were married in 1948. No children were born of the marriage. The husband is an officer in the United States Air Force. In 1958, when the husband returned after a year spent on a foreign station, the parties did not resume living together but entered into a separation agreement. The wife, who had been residing in North Carolina, remained there and did not accompany the husband to his new duty station in Florida.
The separation agreement contained the following with reference to support of the wife:
“Beginning on Thursday, January 1, 1959, the party of the first part will pay to the party of the second part, for her support, maintenance, and care, the sum of one hundred and fifty ($150.00) dollars per month, the first payment to be made on January 1, 1959, and subsequent payments of one hundred and fifty ($150.00) dollars each to be made on the first day of each calendar month thereafter until such time as the party of the second part shall marry again or die. In the event that either party should institute an action against the other for a divorce at any time or place, this agreement shall be exhibited to the Court, and any decree of divorce that may be entered in said action shall not have the effect of terminating, destroying, or in any way impairing the validity and binding effects of this agreement, but shall be written into and made a part of the decree.”
The agreement also provided that a trailer owned by the parties should become the property of the wife and that the husband would transfer title to her, and that an automobile owned by them would become the husband’s property and “upon presentation to her of the certificate of title of the said automobile the party of the second part [the wife] will transfer and assign the same to the party of the first part.”
Pursuant to the separation agreement, the husband paid the support for six months plus an additional $50, making a total of $950. At the time of the decree the husband’s arrears for the wife’s support as called for by the agreement amounted to $4,900.[1] When the husband’s suit was commenced the wife moved to dismiss because of the husband’s default under the agreement. Thereupon the court required the husband, as a condition of maintaining the suit, to make a “substantial” payment *60 on the arrears.[2] In response to that requirement of the court the husband produced $2,000 which was deposited in the registry of the court. He asserted the support payments under the separation agreement had been stopped by him after six months because the wife had failed to transfer title to the automobile. The complaint contained no such allegation. On the contrary, it was alleged that (as of the time of suit) the parties owned the trailer and the automobile together, and the court was asked to award the trailer to the wife and the car to the plaintiff. On final hearing the chancellor authorized $300 of the $2,000 in the registry of the court to be paid out as fees for the wife’s attorneys, and the remaining $1,700 paid to the wife. The court then provided in the decree that upon the husband continuing to pay $100 per month alimony he would be relieved of paying more. The wife complains, and we feel correctly, that it was error for the trial judge to cancel out the obligation of the husband under the separation agreement for the unpaid balance of $3,200 which had accrued to her for support previously. If the court relieved the husband of that obligation on the theory that the contract had been breached by the wife, such a holding would not be supportable on the record. This is so because no breach of contract was pleaded or proved. The only evidence bearing on the point was the following by the husband:
“Q That agreement is dated 1958. Did you live up to that agreement, sir ?:
“A Yes, for the first six months.
“Q Did your wife live up to that agreement?
“A No.
“Q What did she not do that she was supposed to do ?
"A She was supposed to give me title to the automobile, which she never did.
“Q You say you lived up to the agreement, for six months. Then what happened ?
“A At that time my wife — her attorney — sent me a letter and rather than wanting $150 as had been written in the agreement, she was demanding $250.
* * * * # *
“A Based on this — this letter, not having been signed for giving me title to the car, my attorney at the time advised me there might be a breach of contract here, and for me to hold up making any more payments, which I have done.
“Q I was not your attorney at that time.
“A No.”
The above fails to establish a breach of contract on the part of the wife. There is no showing she refused to execute a title transfer when submitted to her, or that any was ever submitted to her for that purpose. Moreover, the husband admitted that he had not signed a title transfer to the wife for the trailer. But it was apparent that the chancellor, in relieving the husband of a part of the arrears under the separation agreement, did not proceed on the theory that the contract was breached after the first six months so as to relieve the husband of obligations thereunder, because the court required him to' pay her $1,700 of the $4,900 which accrued for support after six months following the agreement.
In discussing this matter of breach of the contract and the effect which the husband claims for such breach, we are not *61 called upon to decide, nor do we decide that a failure or refusal of the wife to sign a certificate of title, if that fact were established, would relieve her husband of the duty to support his wife, as he had contracted for in consideration of a separation agreement of which he was accepting the benefits.
It was error for the chancellor to relieve the husband of the obligation to pay the support money which had accrued and was in default under the separation agreement, and to which the wife was entitled as a matter of contract. However, it was within the chancellor’s discretion to withhold enforcement thereof by equitable remedies in the divorce suit, if he should conclude the husband’s present financial condition was such that the arrears which accrued prior to the divorce suit should not be ordered paid at this time.
There remains for consideration a contention of the wife that the court was in error in providing for alimony at $100 per month rather than $150 a month which was the amount the separation agreement had fixed for support of the wife on a permanent basis. The record showed no change of circumstances of the parties to justify setting a different amount in the decree. The needs of the wife were no less, and the husband’s income had increased. It was suggested, as a change of circumstances for the husband, that he was having to repay the portion of the $2,000 deposited in the registry of the court which he had borrowed. That fact should not operate to reduce his agreed support for his wife, especially when the amount borrowed was to replace that which the husband had contracted to pay to the wife and which he had withheld and used for his own purposes. The amount of support for a wife which the parties have agreed upon should be held to be binding and applicable in the event of divorce unless there is a sufficient showing of change of circumstances to warrant and require its modification. See Bare v. Bare, Fla.App. 1960, 120 So.2d 186; Choucherie v. Choucherie, Fla.App.1960, 120 So.2d 821.
Accordingly, the decree is affirmed in part and reversed in part in the respects outlined above, and the cause remanded with directions to enter an appropriate order modifying the decree, consistent with this opinion.
Affirmed in part, reversed in part and remanded.

. The separation agreement was dated December 2, 1958, and the monthly support payments thereunder commenced January 1, 1959. The husband sued for divorce on October 17, 1980, and the decree was entered March 23, 1962.

. The order provided:
“Ordered, Adjudged and Decreed that due to the nineteen month period of time from which Plaintiff has paid no money to the Defendant under the prior property settlement agreement, the cause is stayed until substantial compliance by the Plaintiff is made.”