PER CURIAM.
Defendant-husband brings this interlocutory appeal in a divorce action from two orders of the trial court, the first holding him in contempt for willful failure to pay temporary allowances for support and maintenance awarded to appellee and the second applying F.S. § 61.08, F.S.A., as amended by Chapter 71-241, Laws of Florida, which gave the court discretion in hearing the defense of adultery to mitigate or bar completely alimony awarded to the wife.
The parties had been married for ten years when plaintiff-wife filed for divorce charging her husband with extreme cruelty and seeking awards for alimony, court costs, attorneys’ fees and an interest in property held by the parties as an estate by the entireties. On June 28, 1971 the court below entered an order directing that ap-pellee should receive temporary alimony and on several occasions appellant was *78 found in contempt by the court for failure to make these payments. The court below on September 27, 1971 entered an uncontested order dissolving the marriage but specifically retaining “jurisdiction to determine any remaining problems including but not limited to such matters as alimony, to include all rights reserved to defendant under F.S. § 61.08.”
Following the entry of the uncontested dissolution of marriage, appellant on December 7, 1971 filed an amended answer which sought to raise for the first time in the cause the issue of adultery as a complete bar to any claim of alimony by plaintiff-wife. The amended answer was struck down by the court and defendant-husband filed this interlocutory appeal to review this order, together with the contempt adjudications for failure to pay the temporary alimony awarded to the wife.
In denying the motion for rehearing of the court’s order of February 4, 1972 which struck down the proposed amended answer, the trial court stated:
“Under the terms of Florida Statutes, Section 61.08 (1971), the court is granted discretion as to whether to consider the issue of the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded to such spouse. This Court, based upon the evidence before it and based upon the previous Orders and rulings of this Court, hereby exercises its discretion that the adultery, if any, of either spouse who is a party to this action shall not be considered in the awarding of alimony or in any other aspect of this cause.”
We hold that F.S. § 61.08, F.S. A., as amended by Chapter 71-241, Laws of Florida, controlled the instant case and that the lower court properly applied this statute. As stated above, appellant-husband sought to raise the defense of adultery as a complete bar to alimony for the wife with his amended answer on December 7, 1971. According to sub-section (1) of Section 21, which sets forth the areas of intended application, the act applies to all proceedings commenced on or after the act’s effective date and, therefore, the trial court’s actions were correct. We further hold that the trial judge did not abuse the lawful exercise of his discretion as contemplated by the amended act.
The contempt orders issued by the trial court were proper under the circumstances and they are upheld.
Affirmed.
CHARLES CARROLL, Judge, concurs in the judgment.