285 So.2d 638 (1973)
Bryce W. OLIVER, Appellant,
v.
Betty Warwick OLIVER, Appellee.
No. 73-9.
District Court of Appeal of Florida, Fourth District.
November 23, 1973.
*639 Robert W. Lee, Orlando, for appellant.
James P. Panico and Howard J. Clifton, Maitland, for appellee.
WALDEN, Judge.
Reframing as concerns appellant's Points 1, 5 and 6 (the remaining points are without merit), we sense the real question to be, "does a spouse defending against a claim for alimony and attorney fees have the right to introduce evidence as to the claimant's misconduct during marriage and as to matters touching upon the equities of the claim?" We answer in the affirmative and thus reverse the judgment and remand with directions.
Backgrounding, the husband-appellant sued for dissolution of marriage and plead with specificity that the wife was habitually intemperate and frequently intoxicated in public. She frequently threatened to kill the husband and did not keep the house and contribute to the five month marriage. The wife-appellee counter-sued for alimony, fees and other relief. The final judgment dissolved the marriage and awarded the wife $30 per week for two years as alimony, plus $850 attorney fees.
The critical ruling is reflected:
"Q. Does this dissolution stem from any particular activity of your wife?
"A. Yes.
"Q. And what activity is that?
"MR. PANICO: I am going to object to that.
"THE COURT: I don't think we need go into this, Mr. Lee. There apparently is no contest on the marriage being irretrievably broken, and any alleged misconduct of one party or the other party wouldn't affect any other matters that are before the Court.
This is more a case of economics than anything else."
Thus, the husband was not allowed to introduce any evidence as to the wife's marital conduct.
This suit was brought under the 1971 Dissolution of Marriage Statute, Chapter 61, F.S., F.S.A., Laws of 1971. We set forth the three sections we deem pertinent:
"61.001 Purpose of Chapter. 
"(1) This chapter shall be liberally construed and applied to promote its purposes.
"(2) Its purposes are:
"(a) To preserve the integrity of marriage and to safeguard meaningful family relationships;
"(b) To promote the amicable settlement of disputes that have arisen between parties to a marriage; and
"(c) To mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage."
"61.052 Dissolution of marriage. 
"(1) No judgment of dissolution of marriage shall be granted unless one of the following facts appears, which shall be pleaded generally:
"(a) The marriage is irretrievably broken."
"61.08 Alimony. 

*640 "(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both. The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded to such spouse.
"(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties." (Emphasis supplied.)
Looking at these statutes, we would agree that the criteria of § 61.052, F.S. 1971, F.S.A., that a marriage is irretrievably broken as concerns the dissolution may be satisfied under the encouragement and guidelines found in § 61.001. In determining whether a marriage is irretrievably broken, there is no need to resort to the often sordid and provocative testimony of fault that customarily obtained under the predecessor statute. More than that, it is our understanding that the earlier requirement of fault and the establishment of the prevailing party was the very dissatisfaction that lead to the enactment of the so-called no-fault dissolution of marriage chapter.
But what about alimony and fees? Are, as the trial judge found, the same strictures and limitations to be applied? We think not. It is our view that Section 61.08(2):
"(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties,"
is dispositive of the issue and correctly so. While it would be desirable to make the whole marriage dissolution procedure pleasurable and non-abrasive, such result is not possible when one considers the overriding considerations that apply in determining the amount of alimony, if any, to be awarded.
As all know, there is a wide range of discretion vested in the court in deciding how much and the kind of alimony to award and there are many factors, such as the misconduct of a party, that may properly be placed before the court touching upon the issue and which form the basis for the proper exercise of such discretion. See 10A Fla.Jur., Dissolution of Marriage, Separation, and Annulment, § 52 et seq. Alimony is not determined by some iron clad formula that can be applied with sharp certainty. The equities, circumstances and the whole marital picture furnish and form the fabric from which the award is to be cut, and if the court limits itself solely to the economics of the matter, it deprives itself of valuable factors that may aid in doing justice to the problem.
The predecessor statute, Section 61.08, F.S. 1969, F.S.A.,[1] is not materially different from the current statute, 61.08(2), supra, as both provide for alimony based upon a consideration of equity and justice.
We feel that because of the mentioned similarity between the two statutes, the case law that construed the earlier alimony statute concerning the misconduct of the parties is equally applicable to the 1971 statute. Thus, the marital conduct and misconduct of the parties is a factor to be considered in determining alimony. Hobbs v. Hobbs, Fla.App. 1962, 136 So.2d 363. See also 9 A.L.R.2d 1026 and 34 A.L.R.2d *641 313; Fla.Family Law, § 22.39 (2d ed. 1972).
To illustrate our holding, there is normally a range within the court's discretion as concerns the top and bottom amount of alimony that may be awarded, based upon given financial circumstances. With this as a start, a judge may properly consider whether the wife has been dutiful as a true helpmate in the marriage relation, contributing her talents and energies to the marital purposes. He may consider as less worthy and entitled a wife who had contributed nothing, but has been destructive of the husband's efforts and unmindful of her own obligations.
We do not agree, as the appellant suggests, that it is necessary for the court to determine a prevailing party or that the equities be one way or the other. And we do not wish to be understood as saying that a trial judge is obliged to sit and hear every jit and jot of testimony offered by a party as to the other's misconduct. He is surely vested here, too, with a discretion and it is enough that he simply get a broad picture and understanding of the relative equities and factors necessary to do justice.
Thus, while we do not know if our decision here will, in the ultimate, cause a change in the trial court's decision as to the amount of alimony, we do know in light of Section 61.08(2), F.S. 1971, that the trial judge should have at least allowed evidence of the wife's misconduct, so that same might be before the trial court for consideration in arriving at the award of alimony and attorney's fees.
Reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.
NOTES
[1] "61.08 Alimony on judgment of divorce.  In every judgment of divorce in an action by the wife, the court shall make such orders about maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given therefor, as from the circumstances of the parties and nature of the case is equitable; but no alimony shall be granted to an adulterous wife. In any award of permanent alimony the court has jurisdiction to order periodic payments or payment in lump sum or both." Section 61.08, F.S. 1969, F.S.A.