294 So.2d 25 (1974)
Forney B. STAFFORD, Appellant,
v.
Constance E. STAFFORD, Appellee.
Nos. 73-1469 to 73-1471, 73-1481.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 21, 1974.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellant.
Snyder, Young, Stern & Tannenbaum, North Miami Beach, and Paul R. Lipton, Hialeah, for appellee.
*26 Before CARROLL, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellant-respondent, ex-husband, takes these consolidated interlocutory appeals to review (1) an order dissolving the marriage, (2) an order striking appellant's answer and counterclaim, (3) an order sustaining appellee's objections to certain questions concerning the issue of adultery, and (4) an order overruling appellant's objections to interrogatories and denying his motion for protective order.
Appellee-petitioner, ex-wife, filed a petition for dissolution of marriage on September 24, 1973. A hearing on the issue of temporary relief was had on October 11, 1973 during which appellant orally requested that the marriage be dissolved. Thereupon, the chancellor orally granted the parties a dissolution and reserved jurisdiction to decide the question of alimony, fees, support, monies, costs, and equitable division of the property. On October 16, 1973 the final judgment of dissolution of marriage was signed and several hours prior thereto appellant filed his answer and counterclaim charging the appellee with adultery as bearing on the issue of alimony and the amount thereof. Appellee moved to dismiss the answer and counterclaim. Appellant proceeded to take the deposition of the appellee who refused to answer questions bearing on the adultery issue. On November 9, 1973 the chancellor entered an order granting appellee's motion to dismiss the answer and counterclaim on the grounds said pleadings were improperly and improvidently filed and also entered an order sustaining without prejudice appellee's objections to the inquiry into the adultery issue as the court intended certification of these questions. One day prior thereto, appellant on November 8, 1973 filed his objections to interrogatories on the subject of alimony which were propounded to him by appellee and moved for an appropriate protective order. On November 27, 1973 these objections were overruled by the court, the motion for protective order was denied, and appellant was ordered to respond to the interrogatories. Appellant's petition for rehearing was denied and these interlocutory appeals from the orders cited hereinabove followed.
We first considered appellant's last point on appeal that it was reversible error for the chancellor to have dissolved the marriage without taking evidence from which it could have been found that the marriage was irretrievably broken. We agree.
First, we note that the October 16 hearing, at the conclusion of which the chancellor orally dissolved the marital bonds of the parties, was held for the express purpose of determining the issue of temporary relief rather than to determine issue of whether the marriage was broken beyond repair or not. Further, although both parties at the above hearing stipulated that their marriage was irretrievably broken, such a bare stipulation that it is so broken does not suffice. See Nelms v. Nelms, Fla.App. 1973, 285 So.2d 50 and cases cited therein. Accordingly, we must reverse the chancellor's order dissolving the marriage of the parties and remand with directions to hold a full evidentiary hearing at which all of the surrounding facts and circumstances are to be inquired into so that the chancellor properly may arrive at a conclusion as to whether or not the marriage has reached the terminal stage based upon facts which must be shown. Ryan v. Ryan, Fla. 1973, 277 So.2d 266 at 271.
Next, we turned our attention to appellant's argument that the court erred in dismissing his answer and counterclaim as filed untimely. We find merit in this contention.
It affirmatively appears from the record that appellant officially was not served with the summons and complaint until October 19, 1973 and thus the filing *27 of his answer and counterclaim three days prior thereto can in no way be said to be untimely. RCP 1.140(a), 30 F.S.A. and RCP 1.170(a). In addition, at the October 11 hearing, the appellant informed the court that he intended to file an answer and counterclaim "shortly". However, there was no discussion of a specific date for the filing thereof. Hence, we reverse the court's order striking appellant's answer and counterclaim.
For his third point on appeal, appellant raises as error the chancellor's entry of the order sustaining appellee's objections to the questions concerning adultery (as bearing on the question of an award of alimony and the amount thereof) propounded to her by the appellant.
We note at this juncture that although the chancellor in his order stated that he intended to certify this issue to this court, such was not done. Prior to the intended certification, appellee presented to the chancellor the case of Vandervoort v. Vandervoort, Fla.App. 1972, 265 So.2d 77 which the chancellor found to be dispositive of the issue of adultery as bearing upon the award of alimony and, therefore, his order sustaining appellee's objections to certain questions concerning adultery remained intact. We find the chancellor's reliance upon Vandervoort, supra was misplaced. Vandervoort is distinguishable from the case sub judice in that the court therein after an evidentiary hearing was had on the issue of adultery, then decided to exercise its discretion under F.S. § 61.08, F.S.A., and thereupon refused to consider the adultery of the ex-wife in determining the alimony award. In the instant case the chancellor has refused the appellant an opportunity to raise the issue of adultery as bearing on the question of alimony and a hearing thereon, resulting in an abuse of discretion. We hold that the court cannot preclude a party to a dissolution action from raising the issue of adultery as a mitigating defense to the awarding of alimony and the amount thereof. However, once the issue is raised and an opportunity to be heard thereon is presented, the court then in its discretion may choose to consider it or exclude it in its determination of an award of alimony. Accordingly, we must reverse the order sustaining appellee's objections to these questions and remand with directions for the entry of a new order setting a specific time limit within which appellee must respond thereto.
We have considered appellant's final point on appeal and find that to be lacking in merit.
Accordingly, the judgment dissolving the marriage, the order striking the answer and counterclaim, and the order sustaining appellee's objections to certain questions are hereby reversed and the causes are remanded with directions for further proceedings not inconsistent herewith.
It is so ordered.