300 So.2d 702 (1974)
Gloria ESCOBAR, Appellant,
v.
Charles A. ESCOBAR, Appellee.
No. 74-335.
District Court of Appeal of Florida, Third District.
September 10, 1974.
Rehearing Denied October 14, 1974.
*703 James C. Burke, for appellant.
A. John Goshgarian, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
This appeal is from a judgment dissolving the marriage of the parties. The former wife, as appellant, assigns error upon the alimony and child visitation provisions of the judgment.
The trial judge, having reached the conclusion from the evidence that the marriage was irretrievably broken, declined to hear testimony from the wife about the husband's alleged adultery. The husband did not seek alimony, therefore the ruling did not violate section 61.08, Fla. Stat. which provides: "The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony ..." [emphasis supplied] Further, no error appears under our recent holding in Stafford v. Stafford, Fla.App. 1974, 294 So.2d 25, where we stated: "We hold that the court cannot preclude a party to a dissolution action from raising the issue of adultery as a mitigating defense to the awarding of alimony and the amount thereof." Here the wife hoped to obtain alimony by showing her husband's adultery. Since any alimony must be based upon the wife's demonstrated need and the husband's ability to pay no error appears.
Appellant's second point urges that it was error for the court not to take evidence on the issue of the proper extent of the father's right to visitation. The determination of such right is particularly within the trial judge's discretion. Orlowitz v. Orlowitz, Fla.App. 1965, 178 So.2d 878. It is a matter that must be decided from all the circumstances and in which the welfare of the child must be the primary consideration. Here, the appellant-wife has not shown an abuse of discretion, especially in view of the fact that she failed to introduce or tender any evidence other than that concerning the issue of dissolution and financial considerations.
Affirmed.