300 So.2d 288 (1974)
Yolanda Jullen PRO, Appellant,
v.
Fred PRO, Appellee.
No. 73-727.
District Court of Appeal of Florida, Fourth District.
September 20, 1974.
Thomas E. Kingcade, of Jones, Paine & Foster, P.A., West Palm Beach, for appellant.
Ronald Sales, of Sales, Metzger & Christiansen, Palm Beach, and Steve E. Moody, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This interlocutory appeal involves a refusal of the trial court to require the husband to answer questions on his deposition regarding his alleged adultery.
The appellee-husband sued for a dissolution of marriage. The appellant-wife answered admitting the allegations of the petition and counterclaimed for dissolution and alimony. The appellee answered the counterclaim and affirmatively charged appellant with adultery. Appellant replied to said answer and charged appellee with adultery.
Upon the taking of the appellee's deposition appellant inquired about appellee's alleged adulterous conduct, specifically asking whether or not he had sexual relationships with any other person since November 15, 1972. Upon instruction of counsel appellee refused to answer and invoked the Fifth Amendment. On motion to require the appellee to answer said question or have sanctions imposed by striking his pleadings, the learned chancellor ruled that the question need not be answered because it is irrelevant. This appeal is from that order.
Like so many other questions involving the philosophy and objectives of "no fault divorce" the precise point presented has not heretofore been considered. However, we believe the answer can be found in the opinion by Judge Walden in Oliver v. *289 Oliver, Fla.App. 1973, 285 So.2d 638. This court there held that the husband was entitled to adduce testimony of the wife's misconduct since misconduct is one of the factors which might affect the court's ultimate determination of the proper award of alimony. With reference to what evidence might be pertinent on the issue of alimony vel non or the amount thereof, the court stated:
"The equities, circumstances and the whole marital picture furnish and form the fabric from which the award is to be cut, and if the court limits itself solely to the economics of the matter, it deprives itself of valuable factors that may aid in doing justice to the problem."
Section 61.08(2), F.S. 1973, authorizes the court, in determining a proper award of alimony, to consider any factor necessary to do equity and justice between the parties.
In the present case, a showing that the husband was guilty of adultery or other gross misconduct, might well be a factor influencing the court's ultimate determination of the alimony question. Thus, we believe the wife's inquiry was reasonably calculated to lead to admissible evidence, and it was error not to require the husband either to answer the question as framed or to suffer sanctions. Stockham v. Stockham, Fla. 1964, 168 So.2d 320; Minor v. Minor, Fla. 1970, 240 So.2d 301.
We are not unmindful of the decision of Vandervoort v. Vandervoort, Fla.App. 1972, 265 So.2d 77, which affirmed the trial judge's holding that he had the discretion not to consider the issue of adultery as it might affect the award of alimony under § 61.08, F.S. 1973. However, it is our interpretation of said statute that it gives the trial court discretion as to the effect to be given to such evidence in the court's determination of the alimony issue; it does not give him the unbridled discretion to refuse to hear any evidence on the subject. Such a grant of power could not have been the intent of the legislature, since such an election by the trial court could never be reviewed as an abuse of discretion.
Accordingly, the order appealed from is reversed and the cause is remanded for the entry of an order consistent with this opinion.
WALDEN, J., concurs.
CROSS, J., dissents without opinion.