318 So.2d 160 (1975)
William J. McCLELLAND, Appellant,
v.
Patricia W. McCLELLAND, Appellee.
No. Y-384.
District Court of Appeal of Florida, First District.
August 8, 1975.
*161 Ferrin C. Campbell, Sr., Crestview, for appellant.
David H. Levin, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
SMITH, Judge.
Confronted with an unresolved conflict between decisions of two sister District Courts of Appeal[1], we are asked to determine whether, in the consideration of a petition for dissolution of marriage and for alimony, child custody and child support, a trial court may hear evidence of allegedly persistent adultery by a respondent husband who seeks no alimony for himself and who does not deny that the marriage is irretrievably broken. Affirming the trial judge, we hold that the court may properly consider such evidence for the light it sheds on the condition of the marriage and on the equities of the necessary financial adjustment to be made between the parties.
The petition for dissolution filed by Ms. McClelland, appellee here, alleged:
"7. Petitioner alleges that the Respondent has been involved in adulterous relationships for many years. The Petitioner has implored the Respondent to cease these activities, and even now he is engaged in an adulterous relationship. Although the Petitioner would gladly reconcile with the Respondent if he would cease his immoral behavior, he has indicated he does not intend to do so, and the Petitioner thus is reluctantly forced to conclude that the marriage is irretrievably broken."
Responding, appellant William J. McClelland admitted that the marriage is broken and moved to strike as irrelevant all of the quoted allegations except the last six words. The trial court denied that motion and the husband appealed from the interlocutory order. Appellant's answer seeks neither alimony [as to which see § 61.08(1), F.S. 1973] nor child custody and it does not dispute that the marriage is broken. Appellant therefore complains that a foray into the matter of his alleged adultery is not only irrelevant but also potentially destructive of the legislative goals to promote the amicable settlement of the marriage dispute and to minimize the hurt inflicted by the legal process itself. Secs. 61.001(2)(b), (c), F.S. 1973.
While the trial court might properly be affirmed on the narrow conceptual ground that admissions in an answer cannot make *162 allegations in a petition retroactively irrelevant and subject to striking, we will anticipate the real issue of what evidence may be heard at the final hearing, as did the trial judge in denying the motion to strike:
"This Court has heard the argument of counsel for the respective parties and has considered the opinion in the case of Pro vs. Pro, 300 So.2d 288 and the opinion in the case of Escobar vs. Escobar, 300 So.2d 702. These two cases appear to present divergent views upon the issue, but this Court feels that the opinion of Judge Downey in Pro vs. Pro is more reasonable and that the trial court has discretion to permit a reasonable inquiry into the conduct of the parties including the issue of adultery as it might affect the financial circumstances, property accumulations, division of property and an award of alimony and other related matters. This is not to sanction an unlimited foray into the details of such conduct, but should be held within reasonable bounds."
It is evident that the principal issue to be determined by the trial judge in this case, should he agree with the parties that the marriage is irretrievably broken, is the nature and the amount of alimony. Because in making these determinations the trial judge will be guided by evidence of the need of the demanding spouse for support and the ability of the other to respond [Thigpen v. Thigpen, 277 So.2d 583 (Fla. App.1st, 1973)], the District Court of Appeal, Third District, held that a trial judge properly excluded evidence of a respondent husband's adultery when considering whether and in what amount the wife should receive alimony. "Here the wife hoped to obtain alimony," the Court observed, "by showing her husband's adultery." Escobar v. Escobar, 300 So.2d 702, 703 (Fla.App.3rd, 1974). It may be that our Ms. McClelland is similarly motivated and that, while pleading that the marriage is broken for grave cause from which even now she seeks relief short of dissolution, her real intention is to be compensated and to punish her husband financially for his past offenses.
But we must give face value to appellee's declared reluctance to seek dissolution. Although husband and wife may agree in pleadings that the marriage is irretrievably broken, the statute does not require a circuit judge sitting with the historic discretion of a chancellor to find that to be a fact simply because the parties have said so. Secs. 61.011, 61.052(2)(a), F.S. 1973. Such a finding remains a judicial act; and it follows, even in the absence of a pleaded issue on the subject, that the court may consider at least some evidence of whether the marriage is irretrievably broken. The Court must therefore be permitted to learn from the parties the depth of the breach and, inevitably, its cause. See Riley v. Riley, 271 So.2d 181 (Fla.App.1st, 1972).
While there is no contest in this case that Ms. McClelland shall have custody of the minor children, the award of custody is also a judicial act which is not woodenly to be performed as stipulated by the parents. For that act also discretion must be informed; and evidence of a parent's persistent adultery could be pertinent to the inquiry.
Finally, we agree with the District Court of Appeal, Fourth District, that evidence of adulterous activities may be pertinent to the questions of alimony. Pro v. Pro, 300 So.2d 288 (Fla.App.4th, 1974). The legislative mandate is that the court "consider any factor necessary to do equity and justice between the parties" in respect to alimony. Sec. 61.08(2), F.S. 1973.
We do not share appellant's apprehension that the trial court's decision will resurrect a system of divorce based on fault and, with it, all of the old agonies of accusation and recrimination. The trial judge in this case cautioned against "an unlimited foray into the details" of the alleged *163 adultery and indicated a determination to restrict the inquiry "within reasonable bounds". It is unnecessary, undesirable and improper for the trial judge "to sit and hear every jit and jot of testimony offered by a party as to the other's misconduct" [Oliver v. Oliver, 285 So.2d 638, 641, (Fla.App.4th, 1973)], and there are no circuit judges who, remembering such experiences, will now willingly relive them. "It is enough," the District Court, Fourth District, held in Oliver in connection with alimony questions, "that he simply get a broad picture and understanding of the relative equities and factors necessary to do justice."
The interlocutory appeal is dismissed.
RAWLS, Acting C.J., and McCORD, J., concur.
NOTES
[1] Pro v. Pro, 300 So.2d 288 (Fla.App.4th, 1974) and Escobar v. Escobar, 300 So.2d 702 (Fla.App.3rd, 1974).