344 So.2d 944 (1977)
Edward N. CLAUGHTON, Jr., Appellant,
v.
Beverly A. CLAUGHTON, Appellee.
No. 76-1724.
District Court of Appeal of Florida, Third District.
April 19, 1977.
*945 Sibley, Giblin, Levenson & Ward, Miami, for appellant.
Paige & Catlin, Miami, for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This interlocutory appeal is taken from an order dated August 9, 1976, in a dissolution of marriage action, wherein the chancellor ordered both appellant and appellee to answer certain questions relating to their alleged adulterous conduct.
Appellee petitioned the court for dissolution of her marriage to appellant, who filed his response thereto. The petition, besides seeking dissolution, also sought both temporary and permanent alimony, attorney's fees and court costs, a determination of the property rights of the parties and custody of the couple's minor children.
By agreement of the parties, the issues were bifurcated and on January 21, 1976, the court took testimony and determined that the marriage was irretrievably broken and entered its order dissolving same. On April 9, 1976, appellant served interrogatories upon his former wife, concerning her alleged illicit sexual activities both before and after the dissolution of their marriage. Appellee objected to this area of inquiry and refused to answer.
Subsequent to the serving of the above interrogatories, on May deposition. Appellee inquired as to appellant's alleged extra-marital sexual relations at points in time both during the marriage and subsequent thereto. Appellant, likewise, refused to answer the questions.
The chancellor thereupon entered an order requiring both parties to answer the questions concerning their sexual activities both during and after the marriage. From that order, appellant has taken this interlocutory appeal and has filed his assignments of error. Appellee has filed cross-assignments of error directed to that same order.
Appellant contends that the chancellor erred in ordering him to answer questions concerning his alleged adulterous activities as he is not the spouse who is seeking alimony, pursuant to Section 61.08(1), Florida Statutes (1975).
Appellee's principle contentions are that, notwithstanding the above, Section 61.08(2), Florida Statutes (1975) permits a chancellor *946 to consider any factor necessary to do equity and justice between the parties in determining a proper award of alimony and, where custody and visitation are at issue, an inquiry into the moral fitness of the parents, pursuant to Section 61.13(3)(f), Florida Statutes (1975), must necessarily include an examination into their lifestyles, i.e. any adulterous, promiscuous conduct of either party.
Initially, we note that appellant's contention is based solely upon our holding in Escobar v. Escobar, 300 So.2d 702 (Fla. 3d DCA 1974). Appellant reads Escobar as authority for the proposition that the alleged adulterous activities of a spouse not seeking alimony cannot be introduced in a hearing to determine the alimony, custody and visitation rights of the parties.
We are of the view that any such broad interpretation of Escobar is unfounded.
By its facts, Escobar merely stands for the proposition that a chancellor need not hear testimony concerning the adulterous activities of a spouse not seeking alimony, when the purpose of said testimony is solely to obtain alimony for the spouse introducing the testimony or to increase the award of any alimony, as the basis of alimony is the "wife's demonstrated need and the husband's ability to pay ..." supra at 703. We realize that our holding in Escobar has previously been misunderstood by both our sister court[1] and the practicing bar and we welcome the opportunity to clarify our position.
Initially, we turn to the provisions of Section 61.08, Florida Statutes (1975), which provides that:
"(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both. The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded to such spouse.
"(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties."
Subsection one of the above section, as construed correctly in Escobar, permits a chancellor to consider the adulterous activities of a spouse seeking alimony, "as a mitigating defense to the awarding of alimony and the amount thereof." Escobar, supra, quoting from Stafford v. Stafford, 294 So.2d 25 (Fla. 3d DCA 1974). Subsection two of Section 61.08, which permits a chancellor to "consider any factor necessary to do equity and justice between the parties" was never utilized in Escobar, as the facts there, as heretofore mentioned, revealed that the alimony seeking wife sought to utilize testimony of the alleged adultery of her husband solely to obtain an award of alimony.
The alleged facts, sub judice, seemingly reveal a course of adulterous conduct on the part of appellant throughout most of the parties' more than twenty-year marriage. Appellee, on the other hand, has allegedly had only a single extra-marital affair and then, only after it had become evident, toward the final years of their marriage, that the union had become irretrievably broken. We believe this particular situation cries out for an application of Section 61.08(2), as it would be a manifest injustice to permit appellant to utilize Section 61.08(1), as a defense to the payment of alimony based upon appellee's alleged single affair, while appellant's alleged activities went unnoticed.
It is important to note that our holding here in no way conflicts with our opinion in Escobar, as sub judice, appellee's utilization of the alleged adulterous activities of appellant will be limited to the mitigation and defense of her own conduct and not as a means of increasing her own award, which should be based primarily upon her needs and appellant's ability to pay. Escobar, supra. By so ruling, we enable the chancellor to more appropriately *947 award alimony based upon the "equity and justice" called for by Section 61.08(2) and more closely align ourselves with our sister courts. See Pro v. Pro, 300 So.2d 288 (Fla. 4th DCA 1974) and McClelland v. McClelland, 318 So.2d 160 (Fla. 1st DCA 1975).
In addition, as concerns the areas of custody and visitation, we feel that pursuant to Section 61.13(3)(f), Florida Statutes (1975), any inquiry into the lifestyle and moral fitness of each parent must in some ways include an investigation into any alleged adulterous behavior of the parties. It goes without saying, of course, that any award of custody and/or visitation is to be determined in accordance with the best interests of the children and adultery, in and of itself, is no bar to an award of custody and/or visitation. McAnespie v. McAnespie, 200 So.2d 606 (Fla. 2d DCA 1967); 10A Fla.Jur., Dissolution of Marriage, § 92 (1973).
In no way should our decision today be read as lending support to any unbridled discovery into the sullied areas of adulterous activities. It is our hope that the learned chancellor would caution against "`an unlimited foray into the details' of the alleged adultery" and "restrict the inquiry `within reasonable bounds'". McClelland v. McClelland, supra, at 162, 3. It is enough that the chancellor "`simply get a broad picture and understanding of the relative equities and factors necessary to do justice.'" McClelland, supra, quoting from Oliver v. Oliver, 285 So.2d 638 (Fla. 4th DCA 1973). Our primary concern is of course the effect a detailed probe into the private lives of the parties might have on the innocent children involved, not to mention the disruptive effect such an inquiry might have upon the married lives of third persons involved in the illicit conduct and their children. We would only hope then, that the chancellor would make the necessary safeguards to protect the above mentioned individuals from any unnecessary embarrassment, ridicule or scorn.
In conclusion, as concerns an award of alimony, we hold that where the facts of a case dictate that justice and equity will best be served by an inquiry into the adulterous activities of a spouse, pursuant to Section 61.08(1) and (2), such inquiry is permissible, so long as the inquiry is not to be utilized for the sole purpose of increasing an award and is handled in a mature, discrete and unvindictive manner. As far as child custody and reasonable visitation is concerned, testimony concerning the moral fitness of both spouses is permissible, so long as such testimony is directed to a broad overview of the lifestyle of each parent.
Other issues raised by the parties are without merit and need not be discussed.
The order appealed is therefore affirmed, as it permits each party to inquire into alleged adulterous activities of the other party, but modified, to the extent that the order reflect our concern over any unnecessary query into the sordid details of any such activities.
Affirmed in part; modified in part.
NOTES
[1] McClelland v. McClelland, 318 So.2d 160 (Fla. 1st DCA 1975).