LETTS, Judge.
This interlocutory appeal comes to us from an order denying discovery in a dissolution of marriage proceeding. The question presented is whether an adulterous wife must disclose the actual name of her lover. We affirm.
The so called “no fault” divorce law was enacted, in part, to get rid of emotional and financial blackmail made possible by the continued threat of mental torture by way of embarrassing harassment through public washing of dirty linen.
Unfortunately, the appellate courts have chipped away at it and much of the fault concept has returned. Yet, in our opinion the appellate courts are not to blame for this retrogression because the Florida Statute § 61.08(2) (1973) as enacted, provides in part:
In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties, (emphasis supplied).
Pursuant to this provision, this very court in Oliver v. Oliver, 285 So.2d 638 (Fla. 4DCA 1973) held that evidence of the wife’s gross misconduct was admissible. Subsequently, in Pro v. Pro, 300 So.2d 288 (Fla. 4DCA 1974), we required the husband to answer the question as to whether or not he had committed adultery upon the same premise stated in Oliver. However, in both of these cases the courts were careful to note that the extent to which such evidence would be admitted would be left to the trial judge’s discretion. In that regard we would repeat what we said recently in McAllister v. McAllister, 345 So.2d 352 (Fla. 4DCA 1977), at 354-355,
At all events, we would urge that evidence of misconduct be limited to gross situations such as existed in Oliver, with no mitigating circumstances, otherwise, as was conceded in that case, we will return to the very type of “. often sordid and provocative testimony of fault . . . that lead to the enactment of the so-called no-fault dissolution of marriage chapter.”
In the case now before us, the trier of the fact exercised that discretion and ruled that the name of the wife’s lover need not be revealed. In order to overturn that, we must find that the judge abused his discretion and we see nothing in the record to establish that he did.
The question of whether or not the wife actually committed adultery would be proper where, as here, she is claiming alimony. However, the record does not suggest why it is important to know the name of the person she committed it with. If the record revealed, for example, that her acts involved an incestuous relationship with her brother rendering her unfit for custody of the children, then we might be otherwise disposed. Yet, the record here is silent as to why this particular question is important. This being so, we cannot find the honorable trial judge to be in error.
AFFIRMED.
CROSS, J., concurs.
DAUKSCH, J., dissents with opinion.