DAUKSCH, Judge,
dissenting.
I respectfully dissent. The question presented is whether an admitted adulterous wife must disclose the name of her lover(s) when asked in discovery proceedings in a case in which the wife seeks alimony and child custody. I would answer in the affirmative.
Section 61.08, Florida Statutes (1975), provides:
“The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded such spouse.” (Emphasis added.)
Section 61.13(f), Florida Statutes (1975), provides, inter alia, that the moral fitness *1210 of a parent is relevant to child custody determination. Here, the wife has denied committing adultery in the marital home and the husband has sought to find the name or names of the persons with whom the wife committed adultery. While I would not limit the holding, it is quite relevant to a child custody issue whether the wife has made her small children aware of her immoral conduct and the husband does not have to accept on its face her bare assertion that her adultery only occurred outside her home. Therefore, the names of any witnesses to the adulterous conduct, especially the participants, are relevant to issues in the dissolution case or at least might lead to relevant evidence. Fla.R. Civ.P. 1.280(b)(1) provides:
“Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
See Pro v. Pro, 300 So.2d 288 (Fla. 4th DCA 1974), and Oliver v. Oliver, 285 So.2d 638 (Fla. 4th DCA 1973). McClelland v. McClelland, 318 So .2d 160 (Fla. 1st DCA 1975).
In the most recent and well reasoned opinion of Judge LETTS in McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), it was held that the trial court should consider a party’s misconduct when determining alimony. Therefore the details of misconduct, even if admitted as in McClel-land, supra, may be admissible at trial and certainly are discoverable as mentioned above.