353 So.2d 880 (1977)
Ollie R. WILLIAMSON, Appellant,
v.
Veva C. WILLIAMSON, Appellee.
No. EE-363.
District Court of Appeal of Florida, First District.
December 21, 1977.
Rehearing Denied January 31, 1978.
Dedee S. Costello, Panama City, for appellant.
Robert B. Staats, Panama City, for appellee.
BOYER, Acting Chief Judge.
Appellant, the husband in a dissolution of marriage proceeding, seeks review of a supplemental final judgment by which the trial judge awarded to the wife both permanent and lump sum alimony. Although we have concluded that the record reveals sufficient evidence to sustain the award and that accordingly the learned trial judge did not abuse his discretion, rendering a meticulous recitation of all the facts useless, we nevertheless find that one issue has been presented which does, indeed needs, discussion; viz: Whether a trial judge in a dissolution of marriage proceeding is either permitted or required to consider, as an element or factor incident to an award of alimony, the relative fault of the parties.
Before the new no-fault divorce law was enacted, the statute on alimony read as follows:
"In every judgment of divorce in an action by the wife, the court shall make such orders about maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given therefor, as from the circumstances of the parties and nature of the case is equitable; but no alimony shall be granted to an adulterous wife. In any award of permanent alimony the court has jurisdiction to order periodic payments or payment in lump sum or both." (Section 61.08, Florida Statutes, 1969)
Under that statute, it was clear that the courts considered the fault or misconduct of *881 a party when awarding alimony. (See cases cited in dissenting opinion in Krieger v. Krieger, 344 So.2d 1346 (Fla. 1st DCA 1977)) However, fault was not the only factor upon which an award was made. Accordingly, an award of alimony was authorized for a wife for whose fault (other than adultery) a divorce was granted when equitable considerations demanded it. (Randolph v. Randolph, 146 Fla. 149, 1 So.2d 480 (Fla. 1941)) Conversely, the fact that a marriage was brought to an end because of the fault of a husband did not automatically entitle a wife to alimony when she was young, in good health and otherwise capable of earning a living. (Kahn v. Kahn, 78 So.2d 367, 368 (Fla. 1955); Newman v. Newman, 94 So.2d 841 (Fla. 1957))
Notwithstanding the above, the Third District Court of Appeal held in Latta v. Latta, 121 So.2d 42, 45 (Fla. 3rd DCA 1960) that alimony is not determined upon the basis of fault and is independent and apart from the grounds for divorce, and in a later case, Olsen v. Olsen, 158 So.2d 775, 776 (Fla. 3rd DCA 1963), commented that the guides and factors used to determine an award of alimony do not include the relative merits of the personal lives of the parties involved.
Regardless of the prior law, a new concept was introduced by the "No-Fault Divorce Law" enacted in 1971, (Chapter 71-241, Laws of Florida). Florida Statutes 61.08 now provides:
"(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments in lump sum or both. The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded to such spouse.
"(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties."
Pursuant to subsection (2) of F.S. 61.08, the relative fault or marital misconduct of the parties is an important consideration in determining the amount of alimony, if any, to be awarded a party. McClelland v. McClelland, 318 So.2d 160 (Fla. 1st DCA 1975); Pro v. Pro, 300 So.2d 288 (Fla. 4th DCA 1974); Oliver v. Oliver, 285 So.2d 638 (Fla. 4th DCA 1973); Florida Dissolution of Marriage, § 4.29, p. 79.
The Oliver court was one of the first courts to examine the issue of whether or not marital misconduct or fault should be considered in an award of alimony under the new law. After examining Chapter 61, Florida Statutes, that court stated:
"Looking at these statutes, we would agree that the criteria of § 61.052, F.S. 1971, F.S.A., that a marriage is irretrievably broken as concerns the dissolution may be satisfied under the encouragement and guidelines found in § 61.001. In determining whether a marriage is irretrievably broken, there is no need to resort to the often sordid and provocative testimony of fault that customarily obtained under the predecessor statute. More than that, it is our understanding that the earlier requirement of fault and the establishment of the prevailing party was the very dissatisfaction that lead to the enactment of the so-called no-fault dissolution of marriage chapter.
"But what about alimony and fees? Are, as the trial judge found, the same strictures and limitations to be applied? We think not.
* * * * * *
"As all know, there is a wide range of discretion vested in the court in deciding how much and the kind of alimony to award and there are many factors, such as the misconduct of a party, that may properly be placed before the court touching upon the issue and which form the basis for the proper exercise of such discretion. See 10A Fla.Jur., Dissolution of Marriage, Separation, and Annulment, § 52 et seq. Alimony is not determined by some iron clad formula that can be applied with sharp certainty. The equities, circumstances and the whole marital *882 picture furnish and form the fabric from which the award is to be cut, and if the court limits itself solely to the economics of the matter, it deprives itself of valuable factors that may aid in doing justice to the problem.
"The predecessor statute, Section 61.08, F.S. 1969, F.S.A., is not materially different from the current statute, 61.08(2), supra, as both provide for alimony based upon a consideration of equity and justice.
"We feel that because of the mentioned similarity between the two statutes, the case law that construed the earlier alimony statute concerning the misconduct of the parties is equally applicable to the 1971 statute. Thus, the marital conduct and misconduct of the parties is a factor to be considered in determining alimony. Hobbs v. Hobbs, Fla.App. 1962, 136 So.2d 363. See also 9 A.L.R.2d 1026 and 34 A.L.R.2d 313; Fla. Family Laws, § 22.39 (2d ed. 1972)." (285 So.2d at pages 640 and 641)
Just what is this misconduct or fault of a party which may be considered? It is clear that the adultery of a party is one type of marital misconduct or fault which is considered by the courts. Whereas under the prior statute adultery was a complete bar to alimony, F.S. 61.08(1) now provides it may be "considered" in the discretion of the trial court. That provision has been interpreted to mean that a party must be given a chance to raise the issue and be given an opportunity to be heard, after which the trial judge may then exercise his discretion and refuse to further consider the adultery in the award of alimony. (Stafford v. Stafford, 294 So.2d 25, 27 (Fla. 3rd DCA 1974); Vandervoort v. Vandervoort, 265 So.2d 77 (Fla. 3rd DCA 1972)) The same court has held that it is only the adultery of the spouse asking for alimony which should be considered under F.S. 61.08(1). Escobar v. Escobar, 300 So.2d 702 (Fla. 3rd DCA 1974)) It again stated in Claughton v. Claughton, 344 So.2d 944 (Fla. 3rd DCA 1977):
"By its facts, Escobar merely stands for the proposition that a chancellor need not hear testimony concerning the adulterous activities of a spouse not seeking alimony, when the purpose of said testimony is solely to obtain alimony for the spouse introducing the testimony or to increase the award of any alimony, as the basis of alimony is the `wife's demonstrated need and the husband's ability to pay ..' supra at 703." (344 So.2d at page 946)
The court went on, however, to say that a spouse charged with adultery and asking for alimony can utilize § 61.08(2) to inquire into the adultery of the spouse against whom the alimony is sought provided the utilization of the alleged adulterous activity is limited to the mitigation and defense of her own conduct and not as a means of increasing her award which should be based on her own needs and the husband's ability to pay, holding:
"In conclusion, as concerns an award of alimony, we hold that where the facts of a case dictate that justice and equity will best be served by an inquiry into the adulterous activities of a spouse, pursuant to Section 61.08(1) and (2), such inquiry is permissible, so long as the inquiry is not to be utilized for the sole purpose of increasing an award and is handled in a mature, discrete and unvindictive manner. As far as child custody and reasonable visitation is concerned, testimony concerning the moral fitness of both spouses is permissible, so long as such testimony is directed to a broad overview of the lifestyle of each parent." (344 So.2d at page 947)
This court held in McClelland v. McClelland, supra, that a trial court may inquire into the alleged adulterous activity of a husband who seeks no alimony for himself to consider whether or not the marriage is irretrievably broken, for the light such evidence sheds on the issue of custody and finally under F.S. 61.08(2) as evidence pertinent to a determination of alimony, concluding:
"We do not share appellant's apprehension that the trial court's decision will resurrect a system of divorce based on fault and, with it, all of the old agonies of *883 accusation and recrimination. The trial judge in this case cautioned against `an unlimited foray into the details' of the alleged adultery and indicated a determination to restrict the inquiry `within reasonable bounds'. It is unnecessary, undesirable and improper for the trial judge `to sit and hear every jit and jot of testimony offered by a party as to the other's misconduct' [Oliver v. Oliver, 285 So.2d 638, 641, (Fla.App. 4th 1973)], and there are no circuit judges who, remembering such experiences, will now willingly relive them. `It is enough,' the District Court, Fourth District, held in Oliver in connection with alimony questions, `that he simply get a broad picture and understanding of the relative equities and factors necessary to do justice.'" (318 So.2d at pages 162, 163)
In McAllister v. McAllister, 345 So.2d 352, 354 (Fla. 4th DCA 1977), we learned the type of misconduct which prompted the Oliver court to address the issue and conclude that the fault or marital misconduct of a party should be considered, viz: The wife claiming alimony was continually drunk, repeatedly threatened to kill her husband, and made no effort to keep the house. Again concerned there would be a return to the fault concept of divorce, the McAllister court urged:
"that evidence of misconduct be limited to gross situations such as existed in Oliver, with no mitigating circumstances, otherwise, as was conceded in that case, we will return to the very type of `. .. often sordid and provocative testimony of fault. .. . that lead to the enactment of the so-called no-fault dissolution of marriage chapter.'" (Id. at 640. 345 So.2d 355)
In conclusion, it does not appear that either this court or the Supreme Court has adopted the holdings of the Third District as reflected by Escobar v. Escobar, supra, and Claughton v. Claughton, supra. The better view appears to be that announced by the Fourth District in Oliver v. Oliver, supra, and by this court in McClelland v. McClelland, supra, viz: That though not necessarily determinative, the relative fault of the parties is an equitable circumstance and a factor concerning which evidence should be admitted, if offered, and which, together with the other circumstances revealed by the evidence, should be considered by the trial court in determining whether or not to award alimony, and if so the amount thereof. Although "every jit and jot of testimony offered by a party as to the other's misconduct", (Oliver v. Oliver, supra, and McClelland v. McClelland, supra) need not be admitted, the parties should be afforded reasonable latitude to acquaint the trial court (and perhaps ultimately the appellate court) with the "`broad picture and understanding of the relative equities and factors necessary to do justice.'" (McClelland v. McClelland, supra)
AFFIRMED.
ERVIN, J., concurs.
MILLS, J., concurs specially.
MILLS, Judge, concurring specially:
I agree that the supplemental final judgment should be affirmed.