366 So.2d 475 (1979)
Sandra MARTIN, Appellant,
v.
John B. MARTIN, Appellee.
No. 78-474.
District Court of Appeal of Florida, Third District.
January 9, 1979.
Rehearing Denied February 6, 1979.
Mason & Meyerson and William John Mason, Miami, for appellant.
Lee, Murphy & Coe and Jack Coe, Miami, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
Affirmed. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); § 61.08(1), Fla. Stat. (1977).
SCHWARTZ, Judge (specially concurring).
The trial judge's determination of the amount of rehabilitative alimony awarded in this case, which the wife claims here is grossly inadequate, was avowedly based, in large measure, upon her marital misconduct. I concur with the affirmance of the judgment below only because the record supports a finding that the misconduct, which involved a long-standing and consuming affair with a married man, was directly and causally related to the fact that the marriage became irretrievably broken and thus was properly dissolved. Since this is the case, the issue was pertinent to, and was properly considered by the court in fixing the amount of alimony justified by the equities of the situation. See Claughton v. Claughton, 344 So.2d 944 (Fla. 3rd DCA 1977); McClelland v. McClelland, 318 So.2d 160 (Fla. 1st DCA 1975); Pro v. Pro, *476 300 So.2d 288 (Fla. 4th DCA 1974); cf. Williamson v. Williamson, 353 So.2d 880 (Fla. 1st DCA 1977); Oliver v. Oliver, 285 So.2d 638 (Fla. 4th DCA 1973); Annot., Fault in Consideration of Alimony Award, 86 A.L.R.3rd 1116 (1978).
I do not conceive, however, that § 61.08(1) Fla. Stat. (1977), which indeed permits the consideration of adultery in passing upon alimony issues, would allow such evidence to be employed merely to decrease or enhance an award by way of punishment for conduct of which the court may disapprove, when that conduct is not related to the equitable considerations with which dissolution courts should be concerned under our no-fault law. McAllister v. McAllister, 345 So.2d 352, 354-355 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978).