496 So.2d 839 (1986)
Robyn A. KENYON, Appellant,
v.
Roger F. KENYON, Appellee.
No. 85-2730.
District Court of Appeal of Florida, Second District.
September 17, 1986.
Rehearing Denied October 28, 1986.
Elihu H. Berman of Krug, Berman & Silverman, and Leon Whitehurst, Jr., Clearwater, for appellant.
Loyd C. Mosley of Mosley & Evans, P.A., and A.D. Finch, Clearwater, for appellee.
RYDER, Acting Chief Judge.
Robyn Kenyon appeals the final judgment on petition for modification terminating the husband's obligation to pay alimony pursuant to a separation and property settlement agreement. Roger Kenyon filed a cross-appeal relating to the trial court's failure to terminate alimony retroactively to the date of filing the petition for modification.
*840 The Kenyons' marriage was dissolved by court order November 6, 1981. The order incorporated a "separation agreement and property settlement" previously entered into by both parties. The agreement has a permanent alimony provision and states in pertinent part as follows: "The alimony obligation of the husband... shall terminate upon the remarriage of the wife, upon her permanently residing with a nonrelated adult male, or the death of either the husband or the wife." On May 18, 1984, the husband filed a petition to terminate alimony alleging that Robyn Kenyon was permanently residing with a nonrelated adult male. Subsequent to a hearing on the former husband's petition, the trial court entered its final judgment terminating Roger Kenyon's permanent alimony obligation. The trial court's final judgment stated in part:
The court finds from the evidence as a matter of fact that the wife did permanently reside with a nonrelated male. The attempts to minimize the contacts between the paramours are not believable and are not believed. While the nonrelated male was married to another woman and his relationship with the respondent did not jell into anything more than an affair, his keeping of clothing and toilet articles in her home, possession of a key and lengthy stays there over a long period of time, indicate as much permanency as some of today's marriages.
We find merit in Robyn Kenyon's point on appeal, and accordingly reverse. Because of our reversal of the trial court's final judgment, we do not reach Roger Kenyon's cross-appeal, although it should be noted that neither party briefed the issue raised in the cross-appeal, and therefore we consider it deemed waived by this court. Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). The trial court's final judgment terminating Roger Kenyon's obligation of permanent alimony is contrary to the legal effect of the evidence. Greco v. Tampa Wholesale Co., 417 So.2d 994, 998 (Fla. 2d DCA 1982). It is clear from the record and from the face of the judgment itself that the trial court confused the moral effect of the evidence with the legal effect of the evidence. We cannot give legal effect to the trial court's subjective observations, just as we could not give legal effect to the old adage, "Home is where the heart is." The record indicates that the trial judge said during the hearing, "As I understand it, this whole issue is whether or not she has been shacking up with this man." The American Heritage Dictionary, New College Edition defines shacking up as "to live in sexual intimacy with another person, especially for a short duration." There is no indication from the separation agreement that the parties intended the term "permanently reside" to be the equivalent of shacking up. The judge in his final judgment refers to Robyn Kenyon and the nonrelated adult male as paramours. In addition, the judge referred to their relationship as an affair and tested the permanency of the relationship against the permanency of "today's marriages."
The separation agreement entered into by the parties and ratified by the trial court is a contract and should be construed and interpreted as such. Brenske v. Brenske, 151 So.2d 58 (Fla. 3d DCA 1963), cert. denied, 155 So.2d 693 (Fla. 1963). A standard of contract interpretation is to give the contract terms their plain meaning absent evidence of the parties' intent to give those terms a special meaning. Mulhern v. Mulhern, 446 So.2d 1124, 1126 (Fla. 4th DCA 1984). There is no evidence in the record that the parties intended to give the terms "permanently reside with" a special meaning. We, therefore, give the terms their plain meaning consistent with Florida public policy.
The two primary considerations in awarding permanent alimony are the needs of one party and the financial ability of the *841 other party. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Once permanent alimony has been awarded the amount may be modified by a showing of the petitioning party of a substantial change of circumstances. Under Florida's present statutory and case law, adultery is not a bar to the award of alimony but is merely a factor to be considered. § 61.08(1), Fla. Stat. (1985). Sheffield v. Sheffield, 310 So.2d 410, 413 (Fla. 1975). As stated by our sister court in adopting the specially concurring opinion in Martin v. Martin, 366 So.2d 475, 476 (Fla. 3d DCA 1979):
[E]vidence [of adultery may not] be employed merely to decrease or enhance an award by way of punishment for conduct of which the court may disapprove, when that conduct is not related to the equitable considerations with which dissolution courts should be concerned under our no-fault law. McAllister v. McAllister, 345 So.2d 352, 354-55 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978).
Smith v. Smith, 378 So.2d 11, 15 (Fla. 2d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980).
"If adultery is not a bar to alimony, then it is inconceivable that fornication could be a basis for a modification terminating alimony." Sheffield 310 So.2d at 413.
Roger Kenyon's counsel argues the trial court had proof that Robyn Kenyon's friend had spent eighteen nights out of the last two and one-half years with Robyn Kenyon at her residence. While it is clear that it is up to the trier of fact to determine whether someone is "permanently residing with" another person, it is equally clear that eighteen nights out of two and one-half years does not equate to "permanently residing with."
The order appealed from is reversed. The matter is remanded with instructions to the trial court to enter a judgment in favor of appellant reinstating the payments of alimony per the original agreement.
Reversed and remanded with instructions.
HALL and SANDERLIN, JJ., concur.