ORPINGER, Judge.
Petitioners James J. Bradstreet, M.D. (Bradstreet) and James J. Bradstreet, M.D. P.A., (Bradstreet P.A.) seek a writ of cer-tiorari directed to an order compelling the production of certain documents in the action for dissolution of marriage between Peter William Taraschi and Mary Lucille McElroy Taraschi. We grant the writ.
Petitioners are not parties to the divorce litigation. Bradstreet P.A. employs Peter Taraschi, a physician, and Mary Taraschi is rightfully interested in Peter’s earnings and income. To learn more about Peter’s income, Mary served a subpoena duces te-cum on Bradstreet and Bradstreet P.A. requesting the production at a deposition of certain records reflecting Peter’s earnings and assets. Not being satisfied with what was produced, Mary filed a motion to compel, and the trial court ordered the non-parties to produce the requested information, among which were records which would reflect “the gross income of the non-parties, James J. Bradstreet, M.D. and James J. Bradstreet, M.D. P.A., insofar as the same result from efforts generated by [Peter Taraschi] or his professional association; and which reflect the net income of the non-parties, James J. Bradstreet, M.D. and James J. Bradstreet, M.D. P.A., attributable to said entities’ professional medical practice.”
In a dissolution of marriage action, a third party’s financial records may be discoverable if an issue arises as to improper financial dealings between the third party and one of the spouses. See Smith v. Bloom, 506 So.2d 1173 (Fla. 4th DCA 1987). However, it is improper to require a third party to disclose financial records which are not relevant to any economic issues in the action. Trial courts must perform a delicate balancing act; an inquiry which is too limited may prevent a spouse from obtaining evidence necessary to show the misconduct alleged, while an overbroad inquiry becomes an unfettered fishing expedition. Id.
Unless some issue is raised as to alleged improper financial dealings between Peter and his employer which are intended to or which result in secreting Peter’s income or assets, the income of the non-parties has no relevance to the issues in the divorce action and compelled disclosure is an unwarranted invasion into the privacy rights of the non-parties. Because we conclude that the trial court departed from the essential requirements of law, and that no adequate remedy can be provided by appeal, we quash that portion of the order to compel which requires the non-parties to produce records of the gross or net income of said non-parties.
Writ GRANTED. Order QUASHED in part.
COWART, J., concurs.
SHARP, C.J., concurs specially in part and dissents in part, with opinion.