602 So.2d 955 (1991)
PYSZKA, KESSLER, MASSEY, WELDON, CATRI, HOLTON & DOUBERLEY, P.A., Petitioner,
v.
Claudia MULLIN, Respondent.
No. 91-1758.
District Court of Appeal of Florida, Third District.
December 24, 1991.
Elser, Greene & Hodor and Cynthia L. Greene, Miami, for petitioner.
Susan R. Cohen, Nancy Schleifer, Miami, for respondent.
Before BASKIN, JORGENSON and LEVY, JJ.
BASKIN, Judge.
Pyszka, Kessler, Massey, Weldon, Catri, Holton, and Douberley, P.A. [the firm], seeks a writ of certiorari quashing the trial court's denial of a motion for protective order. During discovery in her action for dissolution of marriage, Claudia Mullin served the firm with a subpoena duces tecum requesting production of a myriad of financial documents.[1] She sought discovery to ascertain her husband's financial interest in the law firm where her husband works as an attorney. The firm is not a party to the dissolution proceeding; however, it submitted an affidavit asserting that the husband is a non-equity partner and that he earns the greater of $85,000 or 4% of the firm's net yearly profits. The firm filed a motion for protective order, arguing that certain documents were not subject to discovery. The trial court denied the motion.[2] We grant certiorari review upon a determination that the trial court departed from the essential requirements of law: the firm demonstrated good cause warranting entry of a protective order limiting the scope of discovery. See Federal Deposit Ins. Co. v. Balkany, 564 So.2d 580 (Fla. 3d DCA 1990); Fla.R.Civ.P. 1.280(c).
The disclosure of information delineating the partners' financial situations unnecessarily violates their privacy rights. See Orlowitz v. Orlowitz, 199 So.2d 97, 98 (Fla. 1967); Bradstreet v. Taraschi, 529 So.2d 809, 810 (Fla. 5th DCA 1988); Palmer v. Servis, 393 So.2d 653, 655 (Fla. 5th DCA *956 1981). In determining whether to limit the scope of discovery to protect a person's right of privacy, the trial court must balance the relevant competing interests. Rasmussen v. South Florida Blood Serv., Inc., 500 So.2d 533, 538 (Fla. 1987); Peisach v. Antuna, 539 So.2d 544 (Fla. 3d DCA 1989). Here, the competing interests are served by limiting discovery to documents probative of the husband's financial interest in the firm. See Rasmussen, 500 So.2d at 538; Smith v. Bloom, 506 So.2d 1173, 1175 (Fla. 4th DCA 1987); cf. Jerry's South, Inc. v. Morran, 582 So.2d 803, 804-805 (Fla. 1st DCA 1991); Balkany, 564 So.2d at 580. The requested discovery includes documents that do not pertain to the husband and are not likely to disclose his interest in the firm. However, the firm has not objected to production of the husband's financial records, or inspection of the firm's articles of incorporation, the register of issued stock, documents showing the firm's investments or the pertinent year-end financial statements. Those documents are sufficient to enable Claudia Mullin to ascertain her husband's interest in the firm. See Peisach, 539 So.2d at 546-547. For these reasons, we conclude that the trial court departed from the essential requirements of law in failing to enter an appropriate protective order. Accordingly, we quash the order denying the motion for protective order.
Certiorari granted; order quashed; remanded with direction to enter an appropriate protective order.
NOTES
[1] Claudia Mullin requested production of documents pertinent to the husband's compensation. In addition, she requested copies of all benefit plans, insurance policies, financial statements given to third parties, loan documents, investments, documents used to calculate income, liability invoices, and documents showing gross income as well as certain state, federal, county, personal property and intangible tax returns.
[2] The trial court ruled that the firm must produce copies of the husband's pay checks, pay stubs, payroll records, pension fund accounts and statements, all firm benefit plans, all reimbursements to the husband and all credit card transactions by and on behalf of the husband. The court ordered the firm to permit inspection and copying of the remaining requested documents on condition that the contents remain confidential. The court directed Claudia Mullin to cross out attorney-client confidential information, trade secrets, and references to irrelevant matters.