617 So.2d 834 (1993)
James E. SWIFT, Petitioner,
v.
Shirley F. SWIFT, Respondent.
No. 93-0433.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
Matthew S. Nugent, West Palm Beach, for petitioner.
Joel M. Weissman of Weissman & Manoff, P.A., West Palm Beach, for respondent.
PER CURIAM.
Petitioner husband in a pending dissolution action seeks certiorari review of the trial court order which denied his motion for protective order and directed his psychiatrist to answer questions by the respondent wife's counsel relating to any alleged extramarital relationships he has had. We grant the petition and quash the order.
Respondent wife filed a dissolution action against petitioner husband who filed a counterpetition for dissolution, as amended. There were no children born from this marriage, and alimony and equitable distribution are said to be the only issues. The wife propounded a notice of taking deposition duces tecum to the husband's psychiatrist. *835 The husband filed a motion for protective order, in which he asserted the psychotherapist-patient privilege. The trial court heard the motion and denied it in the subject order, directing the psychiatrist to answer questions by the wife's counsel as to extramarital relationships by the husband and related matters. That prompted the subject petition.
Section 90.503 of the Florida Evidence Code provides for a privilege between patient and psychotherapist for communications not intended to be disclosed to third persons, when records and communications were made for diagnosis or treatment of a mental or emotional condition. Subsection (4)(c) provides that there is no privilege for communications relevant to an issue of mental or emotional condition of the patient in any proceeding in which he relies on the condition as an element of his claim or defense. However, by seeking alimony, a party does not automatically place into issue his or her mental condition so as to waive the privilege. Case law has applied this subsection to uphold the privilege notwithstanding attempts to invade it simply because a spouse in dissolution proceedings sought custody. See Peisach v. Antuna, 539 So.2d 544 (Fla. 3d DCA 1989); McIntyre v. McIntyre, 404 So.2d 208 (Fla. 2d DCA 1981).
As for the relevance of extramarital affairs, which is what the trial court ordered the response to in the subject order, this court has held that such matters are relevant only if the parties will suffer economic hardship and that misconduct of one of the spouses contributed to that hardship. See Smith v. Bloom, 506 So.2d 1173 (Fla. 4th DCA 1987). The court said that section 61.08(1), Florida Statutes (1985), did not constitute a license to bring the issue of adultery into every case where alimony is involved. The court noted that a trial court may properly refuse to allow one spouse to introduce evidence of the other spouse's adultery if its sole purpose is to obtain alimony or increase the amount of alimony for the spouse offering the evidence. Id. at 1176, citing Escobar v. Escobar, 300 So.2d 702 (Fla. 3d DCA 1974). In the key passage of its opinion, the Smith court said that marital misconduct may be considered by the court when, regardless of how marital resources are divided, the parties will suffer economic hardship and the marital misconduct is alleged to have caused or contributed to the economic difficulties. Id. at 1176. See also Noah v. Noah, 491 So.2d 1124 (Fla. 1986).
Here, petitioner argued that these grounds for exception to or waiver of the privilege were not alleged. Thus, petitioner contends that the trial court departed from the essential requirements of law in denying his motion for protective order. Petitioner contends that the wife's counsel has simply made unverified allegations of an affair by him, and this is not enough to place his mental condition in issue, or to make any evidence about extramarital conduct discoverable.
Respondent argues that the information regarding extramarital affairs is discoverable to show that petitioner was not credible in his deposition when he told counsel he had been faithful to his wife. However, there is no case law support for the proposition that the psychotherapist-patient privilege is waived simply when a patient answers a question by opposing counsel as to whether he engaged in any affairs. Neither is there any support for the contention that denying such a suggestion by counsel makes the issue suddenly relevant.
Next, respondent claims that petitioner's faithfulness is relevant to alimony, but she does not make any of the required allegations that the parties will suffer economic hardship and that any alleged misconduct contributed to the hardship. She concedes that the parties have agreed to many financial divisions already. Respondent has not distinguished the authorities upon which we rely in granting this petition.
GLICKSTEIN, C.J., and STONE and POLEN, JJ., concur.