622 So.2d 73 (1993)
Deborah Beasley BUTLER, Appellant,
v.
Ronald David BUTLER, Appellee.
No. 92-01836.
District Court of Appeal of Florida, Second District.
July 21, 1993.
*74 Terry C. Young and Vernetta L. Gill of Lowndes, Drosdick, Doster, Kantor and Reed, Orlando, for appellant.
William B. Fletcher, Sebring, for appellee.
BLUE, Judge.
Deborah Beasley Butler (the wife), appeals from a final judgment of dissolution. She contends the trial court erred in failing to determine and provide for health insurance for the minor children of the parties and erred in approving a mediated settlement of child support without making appropriate factual findings as to Ronald David Butler's (the husband) ability to pay. We affirm the issue concerning child support as it is without merit. However, we agree the trial court erred in failing to consider the question of the availability and propriety of health insurance for the minor children.
Prior to final hearing, the matter was referred to mediation. As a result of mediation, the parties signed a handwritten document which indicated that all issues had been resolved; however, the agreement contained no provision concerning health insurance for the three minor children of the parties. At the final hearing, the wife attempted to set aside the mediation agreement as it related to child support. The trial court in the final judgment found that the mediation agreement was entered into freely and voluntarily after full disclosure between the parties. In approving the child support agreed to in mediation the trial court stated, "After considering all of the relevant factors including the needs of the children and the respective abilities of the parties to pay, the amount of child support agreed upon by the parties is fair and equitable and serves the best interest of the children."
The wife requested in her petition for dissolution that the husband provide health insurance for the children. There was some evidence adduced at trial concerning the availability of health insurance including evidence that the husband's employer provided for payment of health costs not covered by insurance. This issue was not a primary focus of the trial. Consequently, the final judgment failed to contain any provision providing responsibility for health insurance or health costs not covered by insurance.
Section 61.13(1)(b), Florida Statutes (1991), requires that every order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available. After the appeal was filed, this court relinquished jurisdiction to the trial court for the purpose of addressing the question of health insurance for the children. At that hearing, the trial court refused to make any modification in the final judgment. The court recognized the failure to make a provision for health benefits, but was convinced by counsel for the husband that to do so would be an unauthorized amendment to the final judgment in light of the mediated settlement of child support.
The husband also argues he is presently providing insurance for the children. This contention is not supported by the record. Even if the husband is providing insurance, this does not abrogate the requirement of making it a legal obligation pursuant to the final judgment.
We hold the trial court erred in failing to consider health benefits for the children in the final judgment, and erred in failing to consider them upon relinquishment of jurisdiction from this court. We remand this matter to the trial court to consider the question of health benefits for the minor children of the parties pursuant to section 61.13(1)(b), Florida Statutes (1991). Upon remand, the parties will be entitled to present additional evidence on the question of health benefits for the minor children.
We grant the wife's motion for attorney's fees and instruct the trial court to fix the attorney's fees in conformance with *75 Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
Affirmed in part, reversed in part and remanded.
SCHOONOVER, A.C.J., and PARKER, J., concur.