636 So.2d 883 (1994)
Brenda Yount WEBB, Appellant,
v.
Frank Ronaldson WEBB, Appellee.
No. 92-2695.
District Court of Appeal of Florida, Third District.
May 17, 1994.
*884 Charlotte E. Karlan, Deborah Marks, Miami, for appellant.
Robert M. Hustead and Rena K. Magolnick, Homestead, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.

ON MOTION FOR CLARIFICATION AND REHEARING
PER CURIAM.
Appellee moves for clarification and rehearing. We deny the motion for rehearing but grant the motion for clarification. Accordingly, we withdraw our opinion of March 22, 1994 and replace it with the following.
We affirm that part of the order under review dissolving the marriage of Brenda Yount Webb and Frank Ronaldson Webb. The balance of the order approving and incorporating the findings and recommendations of the special master is reversed. It is clear that the special master misconceived the legal effect of the evidence and/or misapplied applicable and governing law. Ben-Hain v. Tacher, 418 So.2d 1107, 1108 (Fla. 3d DCA 1982.
The supreme court in Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980), as often cited, observed:
[A] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be "shortchanged."
Here, the husband worked for the duration of the twenty three year marriage for his family's businesses, which during the marriage he came to own. While it is true that assets acquired by non-interspousal gift, bequest, devise, or descent are non-marital assets under section 61.075(5)(b)2, Florida Statutes (1993), this is not true of the increase in value of these assets occurring during the marriage, as the result of marital efforts. The special master incorrectly concluded that absent the wife's active participation in the businesses, the wife was not entitled to equitable distribution of any part of the assets owned by her husband. Marital appreciation of separately owned assets is subject to equitable distribution if either spouse expended marital labor on that asset during the marriage. Watford v. Watford, 605 So.2d 1313 (Fla. 4th DCA 1992); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988); § 61.075(5)(a)2, Fla. Stat. (1993).
To emphasize and clarify, in the instant case, the wife was entitled to equitable distribution of the businesses' appreciation, if any, occurring subsequent to their acquisition by the husband, if the husband expended marital labor on these businesses. She, herself, did not have to work in these concerns before she was entitled to share in the fruits of her husband's labor.
Further, equitable distribution under section 61.075(1), Florida Statutes (1993) requires consideration of a number of factors including:
(a) The contribution to the marriage by each spouse, including contributions to the *885 care and education of the children and services as homemaker.
Also, absent a showing of a related depletion of marital assets, a party's misconduct, here, the wife's alleged adultery, is not a valid reason to award a greater share of marital assets to the "innocent" spouse. Heilman v. Heilman, 610 So.2d 60 (Fla. 3d DCA 1992). Additionally, a claim that the non-liquidity of the assets awarded the husband makes impossible any larger award to the wife is untenable in light of a trial judge's broad discretion in fashioning any number of remedies including but not limited to lump sum alimony payable in installments, to overcome this problem. See Rodriguez v. Rodriguez, 550 So.2d 16 (Fla. 3d DCA 1989).
In determining an award of permanent periodic alimony, the court should consider the needs of the spouse requesting the alimony and the ability of the other spouse to make the payments. Adams v. Adams, 604 So.2d 494, 495 (Fla. 3d DCA 1992), review denied, 614 So.2d 502 (Fla. 1993). In doing so, the parties' earning ability, age, and health, the duration of the marriage and the value of the parties' estates are relevant. § 61.08, Fla. Stat. (1993).
Here, examined as a whole, Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991), the special master's recommendations, as adopted by the trial court, violated Canakaris and its progeny as well as chapter 61, Florida Statutes (1993). Accordingly, that part of the final judgment adopting these recommendations is therefore reversed and the cause is remanded for both the equitable distribution of assets and the awards of support and fees to be reconsidered and allocated so as to comply with the statements made herein, with additional evidence taken as deemed necessary to accomplish this task.
Reversed in part, and remanded.