655 So.2d 153 (1995)
Gloria H. ROSEN, Appellant/Cross-Appellee,
v.
Robert ROSEN, Appellee/Cross-Appellant.
Nos. 94-1536, 93-1943.
District Court of Appeal of Florida, Third District.
May 3, 1995.
Rehearing Denied June 14, 1995.
*154 Magill & Lewis and R. Fred Lewis, Miami, for appellant/cross-appellee.
Stanley M. Newmark, Miami, for appellee/cross-appellant.
Before BASKIN, LEVY and GODERICH, JJ.
BASKIN, Judge.
Gloria Rosen, the wife, appeals a final judgment of dissolution of marriage and an order denying her motion for relief pursuant to Florida Rule of Civil Procedure 1.540. Robert Rosen, the husband, cross appeals the final judgment. We affirm the final judgment in part, reverse in part, and reverse the Rule 1.540 order.
First, we reverse the award of assets so that the trial court may enter a more detailed order and may reconsider the award of part of the wife's disability payments to the husband. The trial court erred in failing to list the parties' marital assets as well as the values of those assets in accordance with section 61.075(3), Florida Statutes (1993). Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993). In addition, the trial court erred in awarding the husband a portion of the wife's disability income. The trial court may not award the husband an interest in those payments absent the appropriate analysis as set forth in Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla. 1989), and findings that the disability income is a marital asset. E.g., Stern v. Stern, 636 So.2d 735, 739 (Fla. 4th DCA 1993) ("Those benefits paid to the spouse for noneconomic damages such as pain and suffering, as well as payment for loss of future wages and future medical expenses, are separate property of the spouse. Any compensation paid, however, to a spouse for `lost wages or lost earning capacity during the marriage of the parties and medical expenses paid out of marital funds during the marriage' constitute marital property."). On remand, the trial court must enter an order containing the appropriate findings.
Second, the court erred in failing to impute income to the husband, who is the owner of a management business. Contrary to the trial court's finding, the parties enjoyed a lifestyle that could not have been financed by the parties' stated income. Instead, the record reflects a commingling between the parties' business and personal accounts resulting in the payment of personal expenses by the business. Under such circumstances, the trial court should have imputed income to the husband. See Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992), cause dismissed, 617 So.2d 322 (Fla. 1993); § 61.30(2)(b), Fla. Stat. (1993). On remand, the trial court should make the appropriate findings as to the husband's imputed income. See Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991).
Following its redetermination of the husband's income, the court must revisit the issue of permanent periodic alimony. We note that under the circumstances of this case and the mandates of section 61.08, an award of alimony may be appropriate.[1] A *155 ruling on the wife's request for alimony requires a consideration of the factors listed in section 61.08(2). Webb v. Webb, 636 So.2d 883, 885 (Fla. 3d DCA 1994). Although the wife receives disability income, that income is inadequate to cover her expenses and the payments end in 1996. Here, the record reflects that the parties were married for 23 years. The husband was the primary wage earner; he owns a management business that has provided a comfortable life style for the parties and their two children, a demonstration of a superior earning ability. The 47 year-old wife is presently disabled; she has been receiving disability income for the past two years. The record does not show when or if she can return to work. In any event, it does not appear that she will earn sufficient income upon her return to work as a school teacher to support herself in a manner commensurate to the standard established by the parties during the marriage. See Atkins v. Atkins, 611 So.2d 570 (Fla. 1st DCA 1992), review denied, 623 So.2d 493 (Fla. 1993); Sinclair v. Sinclair, 594 So.2d 807 (Fla. 3d DCA 1992). Accordingly, the denial of permanent periodic alimony is reversed and the court must reconsider that issue on remand. Adams v. Adams, 604 So.2d 494 (Fla. 3d DCA 1992), review denied, 614 So.2d 502 (Fla. 1993).
In addition, we reverse the child-support award where, as here, the court erred in failing to order the husband to pay child support according to the guidelines and in failing to provide an explanation for the variance from the guidelines. The court must make the appropriate findings as provided in section 61.30(1)(a), if it deviates more than 5% from the guidelines. Dehler v. Dehler, 648 So.2d 819, 820 (Fla. 4th DCA 1995); Martin v. Martin, 616 So.2d 158 (Fla. 3d DCA 1993). Upon a redetermination as to the husband's income, the court must enter a new child-support order in accordance with section 61.30.
Furthermore, the trial court should have ordered the husband to provide health insurance for the minor children or should have made findings as to its reason for failing to enter such award. Section 61.13(1)(b), provides that "[e]ach order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available." E.g., Dehler, 648 So.2d at 821. On remand, the trial court shall reconsider the health benefits issue and hear any evidence offered as to that issue. Butler v. Butler, 622 So.2d 73 (Fla. 2d DCA 1993).
As to the Rule 1.540 motion, the trial court abused its discretion in refusing to allow the wife additional discovery to prove that the husband failed to disclose his assets during the dissolution proceeding. The wife made a sufficient showing before the trial court that the requested access to the financial records of the husband and his mother may lead to the discovery of admissible evidence as to the husband's income and assets. See Orlowitz v. Orlowitz, 199 So.2d 97 (Fla. 1967); Bradstreet v. Taraschi, 529 So.2d 809 (Fla. 5th DCA 1988); Smith v. Bloom, 506 So.2d 1173 (Fla. 4th DCA 1987). We therefore reverse the order and remand the cause for proceedings consistent with this opinion.
Accordingly, we affirm the judgment as to the dissolution of the parties' marriage and the award of the marital home, reverse the remaining portions of the final judgment, reverse the Rule 1.540 order and remand the cause.
Judgment affirmed, in part; reversed, in part; Rule 1.540 order reversed; cause remanded.
NOTES
[1] On cross-appeal, the husband contends that the award of his equity in the marital home to the wife was error. The trial court awarded the equity in lieu of permanent periodic alimony. Although the trial court must reconsider the denial of the wife's alimony request upon imputation of income to the husband, we find no error as to the lump sum award. See Barbieri v. Barbieri, 582 So.2d 640, 641 (Fla. 3d DCA 1991) ("[A] trial court is permitted to use a lump sum distribution in lieu of, or in addition to, periodic or rehabilitative alimony.").