GREEN, Judge.
The petitioners, Southwest Acceptance Finance Co., Car Credit, Inc., and Steven Cuculich, seek a writ of certiorari to quash the trial court’s order denying their motion for protective order. The petitioners are required to produce financial documents that may relate to a pending divorce case in which respondent, Lisa Lynn Schauer, is a party. We grant the writ, quash the trial court’s order, and remand for further proceedings pursuant to this opinion.
This petition stems from a dissolution proceeding between Lisa Lynn Schauer (wife) and Neil David Schauer (husband) in an action styled In Re: The Marriage of Lisa Lynn Schauer, Wife/Petitioner, and Neil David Schauer, Husband/Respondent. In that action, the wife served a subpoena duces tecum without deposition upon Bank of America (bank subpoena) and a subpoena duces tecum without deposition upon Steven Cuculich (Cuculich subpoena).
In essence, the wife is requesting that Bank of America produce all documents in its possession pertaining to Southwest, Car Credit, and all business account documents pertaining to Cuculich. Pursuant to the Cuculich subpoena, the wife is requesting that Cuculich produce not only documents which may pertain to the husband, but also documents pertaining to the confidential financial and business affairs of Southwest, Car Credit, and Cuculich.
In response to the subpoenas, Southwest, Car Credit and Cuculich filed a motion for protective order. As stated in the motion, the underlying case concerns a dispute between the wife and the husband. Car Credit, Southwest, and Cuculich became involved in this case because the husband is an employee of Southwest, and Cuculich is the president of Southwest and Car Credit. In sum, Car Credit sells automotive vehicles and Southwest purchases finance sales contracts from Car Credit and other automotive sales companies. There is no record evidence that the husband is more than an employee of Southwest. The circuit court held a hearing on Southwest, Car Credit, and Cuculich’s motion for protective order. Ultimately, the circuit court entered an order giving the wife great latitude in discovery into the business and personal affairs of Southwest, Car Credit, and Cuculich.
We do not disagree with the portion of the trial court’s order that requires the petitioners to supply information concerning their financial relationship with the husband. On the other hand, the trial court used an improper standard for requiring the petitioners to produce financial information unrelated to the husband’s employment. The trial court ruled that the wife “has established that the husband *544 may have a financial interest in the three named petitioners. More than this is required as a basis to pursue financial records which are not directly related to the husband’s employment. Contrary to the trial court’s order, it is necessary that the wife establish that the husband presently has a sufficient financial interest in one or more of the petitioners’ businesses, aside from his employment, before they can be required to produce records not directly related to his employment. Palmer v. Servis, 893 So.2d 653 (Fla. 5th DCA 1981).
We have reviewed the interrogatories and find that several questions weave together the husband’s employment financial interest with records of the petitioners which may be unrelated. We therefore grant the petition for writ of certiorari and quash the trial court’s order with directions that further proceedings ensue so that the wife’s discovery will not be unduly hindered.
The petition for writ of certiorari is granted.
WHATLEY, A.C.J., and SALCINES, J., concur.