CASANUEVA, Judge.
 

 George E. Bushong petitions this court for a writ of certiorari to quash three orders of the circuit court that protect certain documents from discovery. Mr. Bushong contends the documents relate to corporations that form part of the marital estate and are necessary to determine issues of equitable distribution and alimony in his and Sarah M. Peel’s pending marital dissolution action. We grant the petition.
 
 [1]
 

 Background
 

 Mr. Bushong has a long history of working for professional employer organizations that lease employees and perform other administrative functions for businesses, including providing insurance. In 1995 he was the sole incorporator, registered agent, director, CEO, and vice-president of Administrative Concepts Corporation, a staff leasing and benefits business. By the time he filed for divorce in 2011, he and Ms. Peel owned and operated several professional employer companies (the Companies)
 
 [2]
 
 that operated under the rubric of Administrative Concepts, and they held themselves out as employee leasing specialists.
 

 Because this industry is heavily regulated,
 
 see
 
 §§ 468.520-.535, Fla. Stat. (2011), and because Mr. Bushong is a convicted felon, their business and personal counsel, Joseph L. Najmy, advised that because of licensing issues Mr. Bushong should not appear as an officer of the Companies and the stock and other interests in the Companies should be issued solely in Ms. Peel’s
 
 *513
 
 name. The couple followed their counsel’s advice, and Mr. Bushong resigned from all his official ownership positions in the Companies. But he retained the major role in servicing their clients. Mr. Najmy and his law firm also prepared the parties’ estate plan in which the Companies formed the major part. Except for 150,000 shares of stock held by Ms. Peel as trustee of the Four Corners Employees’ Stock Option Plan, Ms. Peel, through a revocable trust drafted by Mr. Najmy, is the titular sole owner and president of the Companies. However, in marketing the services their Companies provide, both Mr. Bushong and Ms. Peel are touted for their expertise. At the time he filed for divorce, Mr. Bush-ong claimed the value of the Companies was in excess of $20,000,000.
 

 A week after Mr. Bushong filed for divorce, Ms. Peel fired him from any position of importance he held in the Companies.
 

 Mr. Bushong is the genitor of the original company; he and Ms. Peel are the only principals in all the Companies; and it is their expertise that drives the product, i.e., servicing other organizations. He thus claimed that all the Companies were marital assets, and Ms. Peel did not dispute his claim. Mr. Bushong sought full discovery of all financial aspects of the Companies that were now barred to him, contending that a full accounting was needed to determine equitable distribution and Ms. Peel’s entitlement to alimony. Through requests for production, interrogatories, and subpoenas and depositions duces tecum, Mr. Bushong sought information from three sources: from Ms. Peel; from Mr. Najmy; and from the Companies through their current CEO, Mr. Justin Mays. Although many of his requests were complied with, Ms. Peel and Misters Najmy and Mays moved separately for protective orders on a substantial amount of the requested discovery.
 

 The circuit court granted the three motions for protective orders, finding that Mr. Bushong had failed to establish that he had any ownership interest in the Companies other than Leasing Consultants, Inc.
 
 [3]
 
 The circuit court further ordered that only the documents relating to Ms. Peel’s financial interest in the Companies be provided. The circuit court based its conclusions on the authority of
 
 Southwest Acceptance Finance Co. v. Schauer,
 
 804 So.2d 542 (Fla. 2d DCA 2002), and
 
 Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin,
 
 602 So.2d 955 (Fla. 3d DCA 1991).
 

 Standard of Review
 

 In order to merit the granting of a petition seeking to review this pretrial discovery order, Mr. Bushong must show that the circuit court’s order departed from the essential requirements of law and caused “material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.”
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987),
 
 superseded by statute on other grounds,
 
 § 768.72, Fla. Stat. (1989),
 
 as stated in Williams v. Oken,
 
 62 So.3d 1129 (Fla.2011);
 
 see also State Farm Mut.
 
 
 *514
 

 Auto. Ins. Co. v. Peters,
 
 611 So.2d 597, 598 (Fla. 2d DCA 1993).
 

 Certiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal.
 

 However, when the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party’s claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings.
 

 Giacalone v. Helen Ellis Mem. Hosp. Found., Inc.,
 
 8 So.3d 1232, 1234-35 (Fla. 2d DCA 2009) (citations and footnote omitted). Mr. Bushong’s case falls directly in the circumstances outlined above.
 

 Discussion
 

 The two cases in which the circuit court found authority to grant the protective orders,
 
 Pyszka,
 
 602 So.2d 955, and
 
 Southwest Acceptance,
 
 804 So.2d 542, do not support its conclusion. Although in both cases one spouse was seeking discovery from the other spouse’s employer, we find them factually distinguishable.
 

 In
 
 Pyszka,
 
 the Third District granted the husband’s law firm’s petition for writ of certiorari when the circuit court had denied the firm a protective order in the husband’s marriage dissolution proceedings. The wife in
 
 Pyszka
 
 sought discovery to determine the husband’s interest in the firm where he was not an equity partner and earned the greater of $85,000 or four percent of the firm’s net yearly profits. 602 So.2d at 955. In addition to the husband’s compensation, the wife had requested information on all the firm’s benefit plans; insurance policies; financial statements given to third parties; loan documents; investments; documents used to calculate income; liability invoices; and documents showing gross income, as well as certain state, federal, county, personal property, and intangible tax returns.
 
 Id.
 
 at n. 1. The Third District concluded that the information the wife sought was not likely to disclose the husband’s interest in the firm and that a protective order was necessary to protect the law firm’s partners’ privacy interests. The district court limited the wife’s discovery to documents “probative of the husband’s financial interest in the firm.”
 
 Id.
 
 at 956.
 

 In this case, Mr. Bushong and Ms. Peel essentially are the Companies. Mr. Bushong has shown that together they have a great financial interest in them, and he was far more than an employee until his summary dismissal. Mr. Bushong claims, and Ms. Peel does not dispute, that he directed and managed the day-to-day affairs of the Companies during the marriage and served as CEO of the primary corporations until she terminated him under her authority as titular owner of virtually all the stock and membership interests. Only because of his status as a convicted felon did he not have a titular ownership interest in them.
 

 The distinction from
 
 Southwest Acceptance
 
 is similar. The husband worked for Southwest Acceptance, a company that purchased finance sales contracts from automotive sales companies, of which Car Credit, Inc., was one. 804 So.2d at 543. Steven Cuculich owned both Southwest Acceptance and Car Credit. The wife subpoenaed Bank of America to produce all documents that it had that pertained to Mr. Cuculich’s business accounts, to Southwest Acceptance, and to Car Credit. She subpoenaed Mr. Cuculich to produce information pertaining to her husband but also
 
 *515
 
 to the confidential financial and business affairs of Southwest Acceptance and Car Credit.
 
 Id.
 
 Because there was no record evidence that the husband was more than an employee, this court granted the petition for certiorari.
 
 Id.
 
 at 544.
 

 As noted above, and in contrast to
 
 Southwest Acceptance,
 
 Mr. Bushong is more than an employee of the Companies and is entitled to a full picture of the financial status of the Companies that form the great majority of the marital estate. Otherwise, his ability to argue and the court’s ability to determine the true context of the parties’ financial affairs so as to fashion an equitable distribution and establish Ms. Peel’s need, if any, for alimony will be hampered. Unlike the wife in
 
 Southwest Acceptance,
 
 Mr. Bushong has “established] that [he] has a sufficient financial interest in one or more of the ... businesses, aside from his employment, [so that] they can be required to produce records not directly related to his employment.”
 
 Id.
 

 Conclusion
 

 Mr. Bushong has shown sufficient financial interest in the companies
 
 [4]
 
 to allow him access to their complete financial status in order to evaluate them for distribution. The harm to Mr. Bushong “is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings.”
 
 See Giacalone,
 
 8 So.3d at 1234-35. Therefore, we grant the petition for writ of certiorari and remand the cause with instructions to deny the three motions for protective orders.
 

 Petition granted, protective orders quashed, and case remanded.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.
 

 [1]
 

 . This court previously summarily granted the petition due to Mr. Bushong's serious health concerns, noting that an opinion would follow. This is that opinion.
 

 [2]
 

 . The Companies are Four Corners of Excellence, Inc., formed in 2008 as the holding company for the first corporation, Administrative Concepts Corporation, its affiliates and successors that included, by the time of the divorce, Simple Employer Solutions, Inc.; Administrative Concepts 2003, Inc.; Administrative Concepts 2010, Inc.; Administrative Concepts 2000 Corporation; Southern Eagle Insurance Company; Peel-Bushong Holding Corporation; Southern Eagle Underwriting Management Company; Administration Concept, Inc.; Leasing Consultants, Inc.; and Employment Concepts, LLC. Only Leasing Consultants, Inc., was excepted from the protective order that the circuit court entered. Some of these companies appear in various motions, requests for production, or subpoenas duces tecum, and at other times not.
 

 [3]
 

 . It may be that Mr. Bushong had failed to establish that he had any ownership interest in the Companies. But that interest would be a "legal” ownership interest only. Mr. Bush-ong has shown that he had a substantial equitable interest in them as marital assets because he started the Companies, operated them in conjunction with Ms. Peel until his summary dismissal, and was a major factor in their success. We do not detail here the many individual documents that are subject to the protective orders because Mr. Bushong has shown entitlement to all of them. His interest is substantial enough and his discovery requests were not too overbroad or burdensome.
 

 [4]
 

 . In the order granting Mr. Najmy's motion as to Mr. Najmy's Requests 2 and 4, the circuit court required that Mr. Najmy produce only estate planning documents and billing records relating to Mr. Bushong or the parties jointly. Our granting of Mr. Bush-ong's petition as it relates to Mr. Najmy should be read to encompass the documents and records in Mr. Najmy's possession that pertain to the Companies even if they are part of Ms. Peel’s estate plan, giving due deference to Ms. Peel’s individual attorney-client privilege.