CASANUEVA, Judge.
Annette Marcadis Harris, the Wife, filed this direct appeal of a final judgment dissolving her marriage to Andrew M. Harris, the Husband. We reverse the final judgment because it does not include a provision for health insurance for the minor children and it also does not include a *1096 provision addressing the cost of any non-covered medical, dental, and prescription medication expenses of the children. We remand for the trial court to address these two issues. The judgment dissolving the parties’ marriage is affirmed in all other respects.
Section 61.13(l)(b), Florida Statutes (2009), requires the trial court to include in its order “a provision for health insurance for the minor child when health insurance is reasonable in cost and accessible to the child.” This section also requires that the trial court “apportion the cost of health insurance, and any noneov-ered medical, dental, and prescription medication expenses of the child, to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6).” Id.; see also § 61.30(8) (“Health insurance costs resulting from coverage ordered pursuant to s. 61.13(l)(b), and any noncovered medical, dental, and prescription medication expenses of the child, shall be added to the basic obligation unless these expenses have been ordered to be separately paid on a percentage basis.”); Whittingham v. Whittingham, 67 So.3d 239, 240 (Fla. 2D DCA 2010) (reversing final judgment where trial' court did not address health care coverage for child and noncovered dental, medical, and prescription medication expenses).
In the present case, the final judgment mentions neither the children’s health insurance nor their out-of-pocket medical expenses. Although the child support guidelines worksheet notes what the Husband pays for the children’s health insurance, there is no language in the final judgment mandating that he continue to pay for their insurance. The Husband acknowledges that the final judgment does not contain a provision for the children’s health insurance but contends that any error is harmless because he does pay for their health insurance. We do not agree that the error is harmless because as this court stated in Butler v. Butler, 622 So.2d 73, 74 (Fla. 2d DCA 1993), “[ejven if the husband is providing insurance, this does not abrogate the requirement of making it a legal obligation pursuant to the final judgment.” We therefore remand the case for the trial court to include in the final judgment language stating that the Husband is required to pay for the health insurance for the minor children and to also apportion to the parties in the order for support the cost of any noncovered medical, dental, and prescription medication expenses of the children.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
WALLACE and MORRIS, JJ., Concur.