# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2702
Lower Tribunal No. 14-5373
_____

## Monica Medina,
Petitioner,

vs.

## Aaron Haddad,
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Monica Medina, in proper person, for petitioner.

Brandon A. Rotbart, for respondent.

Before WELLS, LAGOA and LOGUE, JJ.

WELLS, Judge.

In this action to establish paternity, a parenting plan and child support, Petitioner Monica Medina seeks relief from two non-final discovery orders, one

requiring her, as pertinent here, to produce settlement agreements entered into between non-parties to this action and clients of the law firm which employs her (none of whom or which are parties to this action), the other purportedly circumscribing the amount of time during which Medina may depose Respondent Aaron Haddad's, employer. We grant the petition as to the first order and deny it as to the second for the reasons stated below.

The orders on review arise from a paternity action filed by Aaron Haddad, the father of the parties' ten-year-old son. The first order centers on Medina's income as a personal injury lawyer. Medina is employed by the law firm of Jose M. Francisco, P.A. and pursuant to a written employment agreement receives an annual draw of $75,000 against thirty percent of all net fees received by the firm from cases which she handles for it. The only issue raised both below and here is the amount in excess of $75,000 that Medina has so far earned and will earn during the current fiscal year.

In May of 2014, when Haddad filed his first request for production he sought no documents relating to Medina's compensation other than to request all "contracts, agreements, engagement letters, communications . . . or other documentation pertaining to [Medina's] employment, job description, job duties, hours of employment, disciplinary reports, minutes from any meetings regarding [her] employment, termination letters, etc." While generally objecting to this

request as being overly broad and harassing, Medina agreed to produce her employment contract; copies of all of her tax returns for 2011 and 2012, and her IRS 1099 tax form for 2013; her pay stubs or other evidence of earned income for the three months prior to filing a Family Law Rule 12.901 financial affidavit; and her bank account and credit card statements.

After Medina claimed that she would not be entitled to payment of any amounts over her $75,000 draw until the end of the fiscal year (April 2015), Haddad moved to compel and the court on July 22, 2014 ordered Medina to provide all documents that would reflect any commissions that she was going to collect at the end of the year. While providing the case numbers of those actions which she was currently handling for the Francisco firm, Medina sought clarification as to her obligation to disclose information that might jeopardize confidential settlement agreements between the Francisco firm's clients and third parties. At a hearing subsequently held on Haddad's motion to compel, Medina offered to provide a reconciliation of all of the cases that she had handled for the 2014-2015 year and for which she was or might be entitled to a "commission." However, she balked at providing copies of settlement agreements, many of which she represented contained confidentiality clauses between the Francisco firm's clients and third parties. On October 7, 2014, Haddad's motion was granted with Medina ordered, in part, to produce "documents from her law firm, her own

personal documents and any settlement agreements or judgments from which she might receive any income."

We quash this portion of the October 7 order. The undisputed record here is that Medina is a contract employee of the Francisco law firm; that the documents that Medina has been ordered to produce belong to that firm and its clients; that the Francisco firm has unequivocally refused to produce these documents and Haddad has not pursued this refusal in the court below; and that the Francisco firm and its clients, all non-parties here, have competing privacy and other interests in the documents Medina has been ordered to produce. See Rasmussen v. South Florida Blood Serv., Inc., 500 So. 2d 533, 535 (Fla. 1987) ("In deciding whether a protective order is appropriate in a particular case, the court must balance the competing interest that would be served by granting discovery or denying it."); Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin, 602 So. 2d 955, 956 (Fla. 3d DCA 1991) (finding the trial court in a marital dissolution action departed from the essential requirements of the law in requiring production of certain financial documents of a non-party law firm because said disclosure unnecessarily violated the privacy rights of all of the firm's partners, and that, upon balancing the relevant competing interests, discovery should be limited "documents probative of the husband's financial interest in the firm"). More to the point, no showing has been made either here or below that the information Haddad

4

seeks cannot otherwise be secured from Medina or her employer. See Berkeley v. Eisen, 699 So. 2d 789, 792 (Fla. 4th DCA 1997) ("[M]eans less intrusive than the release of confidential information should be used where available."). Medina has produced a list of cases in which she is involved as well as her tax returns for the past two years. Medina has also agreed to produce a reconciliation of the amounts she currently anticipates receiving from cases that she has completed or anticipates completing this fiscal year. And there is no indication that Medina's employer is either unwilling to or cannot determine from its books and records the amount of any commissions currently payable or that might be paid to Medina for the current year without producing documents belonging to that firm's clients. In short, it was improper to require Medina to disclose information which was the property of a non-party law firm or its non-party clients, and moreover which might result in a breach of confidences. That portion of the October 7 order requiring Medina to disclose settlement agreements between clients of the Francisco firm and third parties is therefore quashed.

While we find no justification for limiting the amount of time allotted for the deposition of Haddad's employer to thirty minutes, we deny the petition related to the second October 7 order because although the court below orally indicated that it believed thirty minutes would be sufficient for this deposition, the order entered imposes no such limitation.

5

Petition granted in part and denied in part.