NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY V. CILENTI,                      )
                                         )
        Appellant,                    )
                                         )
v.                                       )          Case No. 2D15-1456
                                         )
TONYA E. CILENTI,                        )
                                         )
        Appellee.                     )
_____)

Opinion filed June 1, 2016.

Appeal from the Circuit Court for Pinellas
County; John A. Schaefer, Judge.

Andrew J. Rodnite, Jr. of Reeser, Rodnite,
Outten & Zdravko, LLC, Palm Harbor, for
Appellant.

Nikie Popovich of Popovich Law Firm,
P.A., Orlando, for Appellee.


SILBERMAN, Judge.

Anthony V. Cilenti (the Husband) appeals the final judgment of dissolution

of marriage in favor of Tonya E. Cilenti (the Wife) and contends that the trial court erred

in its award of prospective child support, award of retroactive child support, the

valuation of assets, the determination of marital debt, and approval of the parenting

plan. We affirm the final judgment except to the extent discussed below regarding (1)

the health insurance for the parties' child with respect to the award of prospective child support and (2) the determination that the Wife's credit card debt of $55,040 was a marital debt. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

The parties were married on May 8, 2009, and had one daughter during their three-year marriage. The Husband contends, and the Wife concedes, that the trial court erred in determining prospective child support because the child's health insurance cost exceeds five percent of the Wife's gross income and the trial court made no findings in the final judgment explaining the deviation from section 61.13(1)(b), Florida Statutes (2014).

Section 61.13(1)(b) provides that every child support order "shall contain a provision for health insurance for the minor child when health insurance is reasonable in cost and accessible to the child." The statute presumes that the cost of health insurance is reasonable when it does not exceed five percent of the gross income of the parent who is responsible for providing the coverage. Id. The trial court is permitted to "deviate from what is presumed reasonable in cost only upon a written finding explaining its determination why ordering or not ordering the provision of health insurance or the reimbursement of the obligee's cost for providing health insurance for the minor child would be unjust or inappropriate." Id. Therefore, we reverse the final judgment with respect to the child's health insurance for the purpose of permitting the trial court to make findings on remand in compliance with section 61.13(1)(b) to explain its determination regarding the deviation.

In addition, the parties agree that the final judgment erroneously fails to mandate that the Wife provide the child's health insurance. The child support guidelines worksheet attached to the final judgment reflects that the Wife pays for the child's health insurance, but the final judgment does not obligate her to do so. Therefore, the trial court on remand must make any provision of health insurance for the child a legal obligation in the final judgment. See Harris v. Harris, 114 So. 3d 1095, 1096 (Fla. 2d DCA 2013).

Regarding the marital debt, we conduct a de novo review of the trial court's determination of whether a liability is marital or nonmarital. See Fortune v. Fortune, 61 So. 3d 441, 445 (Fla. 2d DCA 2011). The trial court found a debt of $55,040 was owed to Universal CD as the result of the use of a Citibank credit card. The original debt was $19,000, and it increased to $55,040 due to nonpayment, interest, and penalties. The Husband is correct that the trial court's finding that the $55,040 debt is a marital debt is erroneous.

The trial court found that the Wife testified that the debt was incurred during the marriage to pay marital expenses and that the Husband provided no evidence to contradict that testimony. However, the trial court failed to recognize that the Wife herself presented documentary evidence that contradicted her vague assertion that the Universal debt was all incurred during the marriage.

The Wife did not testify exactly when the original $19,000 debt was incurred other than to say during the marriage. And when originally asked for the date of marriage, she vaguely answered " '09." She did not know specifically what the

- 3 -

money was used for, other than to say it was to keep the household going. Later in her testimony, the Wife admitted that their marriage was in May of 2009.[1]

Wife's Exhibit 56, a credit report for the Wife, shows the Universal debt of $55,040 and that the credit limit had been $19,170. The Wife testified that the report was "very accurate." The report shows that the account was opened on April 24, 2001, and that it was closed on March 11, 2009. In the final judgment, the trial court found that the parties married on May 8, 2009; thus, the account was closed before the parties married. Therefore, because the Wife's account was closed before the parties even married, the trial court erred in determining that the account was a marital debt. See § 61.075(6)(b)(i) (defining nonmarital liabilities to include "liabilities incurred by either party prior to the marriage").

Therefore, we reverse the equitable distribution and remand for the trial court to reconsider the equitable distribution with the Universal debt characterized as nonmarital. On remand, the trial court shall also comply with the provisions of section 61.13(1)(b) regarding the child's health insurance, as discussed above.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and SALARIO, JJ., Concur.

---

[1]The pleadings asserted a marriage date of March 9, 2009, but the Wife's counsel later filed a marriage record showing the date of marriage as May 8, 2009.