DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER NICHOLAS,**
Appellant,

v.

**CAROL NICHOLAS,**
Appellee.

No. 4D2024-0214

[March 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis and Elaine A. Carbuccia, Judges; L.T. Case No. FMCE-21-014110.

Michael D. Cirullo, Jr. of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, and Joshua K. Friedman and Jason A. Brodie of Brodie & Friedman, P.A., Boca Raton, for appellant.

Caroline N. Johnson of Johnson Ritchey Family, PLLC, Boca Raton, for appellee.

KLINGENSMITH, C.J.

Appellant Christopher Nicholas ("Husband") appeals the trial court's final judgment of dissolution of marriage. We reverse the final judgment in part because Husband has identified four errors that must be corrected. We affirm without discussion on all other issues which Husband has raised.

First, the record shows the child support guidelines worksheet was neither attached to the final judgment nor clearly indicated as having been approved by the trial court. *See Nepola v. Nepola*, 373 So. 3d 642, 644 (Fla. 4th DCA 2023) (en banc) (holding that the failure to attach a child support guidelines worksheet is not reversible error if the final judgment references and identifies the worksheet and the worksheet is part of the record). Although the final judgment generally references the "Child Support Guidelines Worksheets," it does not identify the worksheets in the record to which it was referring.

Second, the final judgment stated the child support calculation was based on Husband's imputed income, but the final judgment did not explicitly articulate the imputed income amount. A final judgment calculating child support is inadequate if it does not contain "explicit factual findings concerning . . . the amount and source of any imputed income." *Marquez v. Lopez,* 187 So. 3d 335, 337–38 (Fla. 4th DCA 2016) (quoting *Aguirre v. Aguirre,* 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008)). We therefore reverse for the trial court to make this required finding and to attach or otherwise reference the "Child Support Guidelines Worksheets" on which it relied in the final judgment.

Third, because Appellee Carol Nicholas ("Wife") is currently providing for the parties' minor children's health insurance, Husband alleges the trial court erred by failing to include in its judgment a provision ordering Wife to continue doing so. Section 61.13(1)(b), Florida Statutes (2022), mandates that all child support orders contain a provision for health insurance for minor children if the insurance is reasonable in cost and accessible to the children. Even if one parent already pays for the minor children's health insurance, the final judgment must still include a provision making the payment of the children's health insurance a legal obligation. *See Harris v. Harris,* 114 So. 3d 1095, 1096 (Fla. 2d DCA 2013) (reversing in part and remanding for the trial court to add language to the final judgment ordering former husband to continue paying for the children's health insurance). On remand, the trial court must modify the final judgment to address this omission.

Fourth, Husband claims error because the final judgment contains an erroneous provision regarding the payment of attorney's fees. Before trial, the parties agreed on this issue, and the trial court entered an agreed order in accord with that agreement. Although the final judgment ordered the parties to comply with this order, the judgment then added that any attorney's fees or costs exceeding the levels approved by the agreed order would be paid jointly from marital funds.

Wife argues the challenged attorney's fees provision does not amount to reversible error because neither party sought additional fees beyond the agreed order, and thus the issue is moot and harmless. "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." *Baldwin v. Baldwin,* 204 So. 3d 565, 567 (Fla. 5th DCA 2016). An error is harmless if "there is no reasonable possibility that the error contributed to the verdict." *Special v. W. Boca Med. Ctr.,* 160 So. 3d 1251, 1256 (Fla. 2014)).

We find the inclusion of the attorney's fees provision was error for two reasons. First, neither party requested such relief from the trial court. *See Booth v. Hicks*, 301 So. 3d 369, 370 (Fla. 2d DCA 2020) ("It is well-settled that a trial court violates due process and commits reversible error when it grants a party relief that the party did not request."). Second, the provision states that additional attorney's fees would be paid using marital funds, even though the trial court equitably distributed the marital estate in the final judgment. Thus, a subsequent award of attorney's fees could result in the inequitable diminution of Husband's share of the equitable distribution. *See Stewart v. Stewart*, 290 So. 3d 607, 609 (Fla. 1st DCA 2020) (explaining that an award of attorney's fees must avoid "'the inequitable diminution' of a spouse's share of an equitable distribution" (quoting *Von Baillou v. Von Baillou*, 959 So. 2d 821, 823 (Fla. 4th DCA 2007))). Accordingly, this provision must be stricken from the final judgment.

The trial court's error in including the challenged attorney's fees provision is not moot or harmless because no strict temporal requirement exists as to when parties can move for attorney's fees in the family law context. *See Juhl v. Juhl*, 328 So. 3d 1031, 1032–33 (Fla. 2d DCA 2021). Instead, section 61.16, Florida Statutes (2022), authorizes fee awards in family law cases "from time to time [and] after considering the financial resources of both parties." *Id.* at 1033 (alteration in original) (quoting § 61.16(1), Fla. Stat. (2019)).

In sum, we reverse the final judgment in part and remand for the correction of the four errors identified herein, and affirm as to all other issues raised.

*Affirmed in part, reversed in part, and remanded with instructions.*

FORST and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3